244 So.2d 488 (1971)
Beedie S. STECHER and United States Fidelity & Guaranty Company, Appellants,
v.
Shelby Dean POMEROY and Norman O. Pomeroy, Her Husband, Appellees.
No. 70-442.
District Court of Appeal of Florida, Fourth District.
January 29, 1971.
Rehearing Denied March 9, 1971.
*489 Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellants.
Cecil C. Martin and Dominick J. Salfi of Fishback, Davis, Dominick, Simonet & Salfi, Orlando, for appellees.
OWEN, Judge.
Shelby Dean Pomeroy sustained personal injury as a result of an automobile collision. She and her husband brought suit against Beedie S. Stecher, the owner-operator of the adverse vehicle, and United States Fidelity & Guaranty Company, the liability insurer of the Stecher vehicle. The jury returned verdicts favorable to the plaintiffs and defendants appeal from the judgment entered thereon.
The point on appeal is that they were deprived of a fair trial by the trial court (a) informing the jury that the liability insurance carrier was a party defendant, (b) permitting plaintiffs to publish to the jury answers to the interrogatories disclosing the existence and extent of liability insurance coverage, and (c) refusing to instruct the jury to ignore the existence of the insurance coverage.
The joinder of the liability insurance carrier as a party defendant was proper, Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, and the trial court's denial of the motion for severance made at the commencement of the trial, being a matter addressed to the courts' discretion, Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163, has not been shown to have been an abuse of discretion.
The existence or amount of insurance coverage has no bearing on the issues of liability and damages [in an action seeking damages proximately caused by an insured's alleged negligence] and such evidence should not be considered by the jury. Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, supra. How the trial court, in a negligence action of this type, can possibly prevent a mature and sophisticated jury from inferring the likely existence of liability insurance coverage, so long as the insurer is a party at trial, is beyond us. But to permit direct evidence on not only the existence of liability insurance coverage, but also the extent thereof, when neither matter is relevant to any issue then being tried, is clearly error.
The existence or amount of insurance coverage is no more relevant to the issues of liability and damages in a personal injury action of this type than would be the non-existence of such insurance coverage, or evidence bearing on the defendant's personal wealth or lack thereof.
*490 In the instant case, after an examination of the entire record, it does not appear to us that the improper admission of this evidence resulted in a miscarriage of justice. The evidence pertaining to the nature and extent of the injuries sustained by Shelby Dean Pomeroy as a result of the admitted negligence of Beedie S. Stecher, and the past and future damages proximately flowing therefrom, when viewed in a light most favorable to the plaintiffs, would clearly sustain the amount of verdict returned by the jury upon which the judgment was entered. We conclude that while it was error for the trial court to permit evidence as to the amount of insurance coverage, such error was harmless. F.S. Section 59.041, F.S.A.
The judgment is affirmed.
CROSS, C.J., and McCAIN, DAVID L., Associate Judge, concur.