253 So.2d 421 (1971)
Beedie S. STECHER and United States Fidelity & Guaranty Company, Petitioners,
v.
Shelby Dean POMEROY and Norman O. Pomeroy, Her Husband, Respondents.
No. 40941.
Supreme Court of Florida.
October 20, 1971.
*422 Monroe E. McDonald, of Sanders, McEwan, Mims & McDonald, Orlando, for petitioners.
Fishback, Davis, Dominick, Simonet & Salfi, Orlando, J.B. Spence, of Spence, Payne & Masington, and Robert Orseck, of Podhurst, Orseck & Parks, Miami, for respondents.
DEKLE, Justice.
Petitioners claim conflict with the innovations in the law which were set forth in this Court's opinions in Beta Eta House Corp., Inc., of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970), and Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). After argument and further consideration, the alleged conflict necessary for certiorari jurisdiction here[1] fails to appear and accordingly the writ of certiorari which was earlier issued herein to the Fourth District Court of Appeal to review its opinion in this cause at 244 So.2d 488 (Fla.App. 1971), being improvidently entered, is discharged.
The conflict asserted is not primarily founded upon the basic holding in Beta Eta and in Bussey regarding the granting or not of severance to a named insurance company defendant. This apparently continues to be a troublesome question before the trial courts, which we hope we can clarify later in this opinion. The principal conflict urged here is in the satellite areas regarding the mention of insurance limits to the jury, refusal of a requested instruction to disregard and whether in these circumstances such error, if any, was harmless. It appears to be harmless here, in light of the fact that the verdict was $19,000 despite policy limits of $100,000/$300,000; where there was a disc involvement with serious and prolonged disability, traction and hospitalization; and where the injuries were permanent.
This recognition of harmless error in these particular circumstances is not to be regarded as approval by this Court of the mention of policy limits to a jury. This should not be done. Nor is it approval of the trial court's refusal to grant the requested instruction to disregard, which should have been given. It is simply held to be harmless error here where an examination of the entire record reflects a tone which indicates in no wise any adverse effect upon the jury's verdict.[2]
The record in this cause encompassed 416 pages without any other mention whatever *423 of insurance over a period of two days' trial, the only reference having been that which was set forth in the defendants' answer to interrogatories. Moreover, the Court here instructed the jury generally that its verdict must be based solely on the evidence and the charges of the Court in accordance with standard jury instructions. Liability was admitted.
One of the objectives of Beta and Bussey was to provide a disclosure of policy limits between the parties which had not previously been allowed. The reasons were for purposes of negotiation and to encourage settlement between the parties and thus shorten litigation and speed up the courts' heavy trial dockets. It was never intended that policy limits should go to the jury and Beta Eta expressly said so. It is immaterial for the jury's consideration, because the principles still stand that its decision must rest solely upon the evidence and the law as charged. Moreover, to reveal defendants' amount of insurance before the jury would equally entitle a defendant to bring out his coverage when the limits are minimal and advantageous to him. Neither one has relevancy and has no place before the jury.
It was felt in reaching our decisions in Beta and Bussey that revealing the existence of an insuror as a real party in interest justifiably reflects the true fact that there is financial responsibility. This offsets any indulgence by counsel or the jury with unfounded arguments like, "This poor, hard working truck driver and his family" approach, when in fact there is an ability to respond. It is probably not a factor in other instances where there is an obviously responsible principal defendant as in Compania Dominicana de Aviacion.[3]
It is fair to note also in this respect the holding of In re Rules Governing Conduct of Attorneys in Fla., 220 So.2d 6 (Fla. 1969), actively argued before this Court shortly prior to Bussey. There it was asserted by the insurance companies of this state then appearing (including three associations which "represent 659 insurance companies who write the bulk of the fire, casualty and liability policies in Florida"), that they are the real parties in interest in these negligence cases; that the lawyers they employ and provide under the insurance policies to defend the cases, are really representing the insurance carriers in such litigation and "when an insurance company `has both the financial stake in the outcome of the litigation and the burden of carrying the costs of the defense, it is defending its own interests and is entitled to defend by its own employee, so long as he is a member of the Bar and an officer of the Court.'" (p. 8)
One of the insurance companies there asserted to this Court that:
"[T]he legal responsibility placed on the insurance company give[s] pointed verification to the fact that the interest involved in defense of liability suits is primarily and ultimately the interest of the insurance company.

"It is the insurance company's interest, as an entity, that the lawyer represents, whether house counsel or fee counsel." (emphasis ours)
If this position of the carriers is to be recognized, as it was at their urging by concurring with them in the position they asserted then, it surely follows that such real party in interest should be present and revealed when the cases are tried. Consistency in the law, and certainly consistency of one's position, is essential to equal justice.
This brings us to the principal point in Beta and Bussey as to granting a severance. To be sure our opinion in Beta Eta employs the permissive "may" in holding that the trial judge may grant a severance of a named insurance defendant. This is lifted from the rule regarding severances, is consistent with it and was used *424 expressly in the context of the rule (1.270(b), 30 F.S.A.). The exact reference (p. 165) was "pursuant to" the rule.
There is good reason for this adaptation of Civil Procedure Rule 1.270(b) in Beta Eta. There are some instances where there is a question of coverage when a severance would be quite proper to try those issues separately, and the severance would be under this rule, as there pointed out. However, the remainder of that opinion holds, and we hereby reaffirm, that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted.
Bussey (223 So.2d p. 720) spoke  not of severing the trial on negligence liability  but of severing "issues between insurer and insured for separate trial or adjudication."
The insurance carrier's position as a real party in interest is a position of continuing interest which includes the trial of the cause which a third party has asserted against its insured. To rule otherwise on a motion for severance would be to defeat the purposes of the rule enunciated in these cases with regard to the real party in interest so as to reflect the presence of financial responsibility which should be left apparent before the jury (without other express mention, of course) and the other bases set forth in those holdings. The routine granting of such motions for severance except for such good cause related to insurance coverage would be a misapprehension of this Court's holding.
The writ is discharged.
ROBERTS, C.J., and CARLTON and ADKINS, JJ., concur.
ERVIN and BOYD, JJ., concur in judgment.
NOTES
[1] Fla. Const. art. V, § 4(2), F.S.A.
[2] Southern Liquor Distributors v. Kaiser, 150 Fla. 52, 7 So.2d 600 (1942); Luster v. Moore, 78 So.2d 87 (Fla. 1955). See also Compania Dominicana de Aviacion and Underwriters at Lloyds, London v. Knapp et al., 251 So.2d 18 (3d DCA Fla. 1971) [Opinion filed July 20, 1971; rehearing denied, August 20, 1971].
[3] See footnote 2, supra.