ROBERTS, Chief Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District, in Godshall v. Unigard Insurance Co., 252 So.2d 875, which petitioner contends conflicts with the decision of this Court in Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971), opinion filed October 20, 1971, on the same point of law. Certiorari is granted without oral argument. Fla.Const. Art. V, § 4, F.S.A.
Petitioner, plaintiff-below, sued defendant driver and her insurance company, respondent herein, and alleged injuries resulting from an automobile accident. Respond *681 ent insurance company filed a motion to sever with the trial court and alleged as grounds for this severance,
“. . . there is no issue between the plaintiff and Unigard Insurance Company that is not identical to the issues involved in the case of the plaintiff against Joan Rumsey. The defendants agree that to the extent of the limits of the liability policy mentioned in the complaint which was- issued by Unigard Insurance Co. to Jean Rumsey, formerly Jean Beiermeister, the plaintiff may have judgment against Unigard Insurance Co. for any such sum of money for which Jean Rumsey is found to be liable to the plaintiff, if any; . . .”
Upon such motion, respondent was severed from the case. The trial court entered a final judgment for defendant-below, Jean Rumsey, on a jury verdict. Petitioner appealed and the District Court of Appeal, Fourth District, Per Curiam affirmed the trial court’s judgment.
Respondent’s motion to sever, filed in the circuit court, is part of the “record proper” of the Per Curiam decision of the Fourth District Court of Appeal as defined by this Court in Foley v. Weaver Drugs, Inc., 177 So.2d 221, and therefore it has been taken into consideration in determining that conflict does exist between the District Court’s opinion and our decision of Stecher v. Pomeroy, supra.
In Stecher, this Court clarified its holding as to the right of an insurance company to severance as had been previously enunciated in Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163. This Court stated,
“. . . To be sure our opinion in Beta Eta employs the permissive ‘may’ in holding that the trial judge may grant a severance of a named insurance defendant. This is lifted from the rule regarding severances, is consistent with it and was used expressly in the context of the rule (1.270 [b], 30 F.S.A.). The exact reference (p. 165) was ‘pursuant to’ the rule.
“There is good reason for this adaptation of Civil Procedure Rule 1.270(b) in Beta Eta. There are some instances where there is a question of coverage when a severance would be quite proper to try those issues separately, and the severance would be under this rule, as there pointed out. However, the remainder of that opinion holds, and we hereby reaffirm, that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted.” (Emphasis supplied.)
It is apparent from the record proper that there was no issue in the case sub judice relating to insurance such as either coverage or interpretation of the insurance policy.
Accordingly, the decision of the District Court of Appeal is hereby quashed and the cause is remanded for reconsideration in light of this Court’s opinion in Stecher v. Pomeroy, supra.
It is so ordered.
ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.