REED, Chief Judge.
The appellant, Walter L. Godshall, was the plaintiff below and will be referred to as such in this opinion. Mr. Godshall filed a complaint in the Circuit Court for Orange County, Florida, alleging that on 15 April 1969 the defendant Jean Rumsey so negligently operated her motor vehicle as to cause the same to injure him. Unigard Insurance Company was joined as an additional defendant. The complaint alleged that Unigard was the underwriter of a policy of insurance covering the liability of defendant Jean Rumsey for the accident which gave rise to plaintiff’s cause of action. Defendants’ answer admitted the insurance coverage, denied negligence, and alleged contributory negligence.
During the pre-trial stages of the litigation a motion to sever was made by the defendants for the purpose of severing Uni-gard Insurance Company from the trial of the issues relating to Rumsey’s liability. The order on the motion provided in part as follows:
;}c ‡ ijt ‡ *
“ORDERED that defendants’ motion to sever be and the same is hereby granted and this cause shall not proceed to trial as to the case of Walter L. God-shall against Unigard Insurance Compa *385 ny; but final judgment may be entered against Unigard Insurance Company for any verdict rendered against its insured, Jean Rumsey, to the extent of the limits of its liability insurance policy issued to her.” (Emphasis added.)
i{i * ifc ‡ * *
The cause was tried before a jury which returned a verdict for the defendant Jean Rumsey. A judgment was entered thereon in favor of the defendants and plaintiff appealed to this court from the judgment. On 23 September 1971 this court affirmed the final judgment (see 252 So.2d 875). The plaintiff then applied to the Florida Supreme Court for a review of our decision. The Florida Supreme Court, 255 So.2d 680, found a conflict between our decision and its “decision” in Stecher v. Pomeroy, Fla.1971, 253 So.2d 421. As a result, our decision was quashed and the cause remanded to this court for. reconsideration in light of the Supreme Court’s opinion in Stecher v. Pomeroy, supra. We have reconsidered and still feel that an af-firmance is in order.
When this appeal was initially before us the plaintiff presented five points for our review. We considered each of the five points and concluded that none had merit or required discussion in a written opinion. It is still our view that each of the five points is without merit, but we will discuss the point on which the Florida Supreme Court’s opinion in Stecher v. Pomeroy bears. That point as stated in the plaintiff’s brief is:
“The court erred in ordering the defendant Unigard Insurance Company be severed from the case and not deemed a party at the trial.”
At the outset it should be noted that the statement of the point assumes as did the opinion of the Supreme Court in this cause that the trial court’s order severed the insurance company from the case. This of course was not the effect of the trial court’s order. On the contrary, the trial court’s order expressly retained jurisdiction over the insurance company for purposes of entering against it an appropriate judgment on any verdict which might thereafter have been returned against defendant Rumsey. The Order For Severance was undoubtedly ...based on the opinion of the First District Court of Appeal in Beta Eta House Corporation v. Gregory, Fla.App.1970, 230 So.2d 495, 500, wherein that court said:
“. . . Until it can be established with reasonable certainty that the disclosure of insurance protection held by a defendant does not in any manner influence a jury in arriving at its verdict, the courts should employ those procedural devices available to them to insure that each of the parties is accorded a fair trial free from prejudice or undue influence. One such device which is available and, absent extraordinary circumstances, should be utilized is the one authorizing separate trials as provided by Rule 1.270(b), Rules of Civil Procedure.
“Pursuant to the provisions of this rule the trial court should on the motion of a party order that the issues relating to the cause of action sued upon be first tried under circumstances which exclude any reference to insurance, insurance coverage or joinder in the suit of the insurer as a codefendant. After this trial has been concluded and a verdict rendered for the plaintiff, a second trial confined solely to the issue of insurance coverage should be held if such an issue has been raised. If no such issue is present, judgment against the insurer within policy limits would follow the verdict rendered in the first trial on the merits.” (Emphasis added.)
The opinion of the First District — with a minor modification not pertinent here— was approved by the Florida Supreme Court which held:
“The opinion of the District Court of Appeal, First District, as modified, is approved and the writ of certiorari heretofore issued is discharged.”
*386 See Beta Eta House Corp., Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163, 165.
However, after the rendition of its opinion in Beta Eta House Corp., Inc. of Tallahassee v. Gregory, supra, the Florida Supreme Court reviewed the opinion of this court in Stecher v. Pomeroy, Fla.App.1971, 244 So.2d 488. Although in Stecher v. Pomeroy the Florida Supreme Court determined itself to be without jurisdiction, it nevertheless rendered an opinion which after noting that “. . . Consistency in the law, and certainly consistency of one’s position, is essential to equal justice.”, substantially modified the position which the Court had previously taken in Beta Eta House Corp., Inc. of Tallahassee v. Gregory, supra. In Stecher v. Pomeroy, Fla. 1971, 253 So.2d 421, 424, the Supreme Court announced:
“. . . that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted.”
Thus the policy of the Florida Supreme Court at the present time seems to be that where there are no justiciable issues concerning insurance, the insurance carrier of the defendant in a negligence case must nevertheless remain as a visible party to the law suit with its presence made known to the jury. Assuming this to be correct, it is apparent that the Order For Severance in the present case was error for the simple reason that the pleadings raised no issues with regard to the insurance company’s liability under or arising out of the policy.
Having concluded that the trial court committed error in the entry of its Order For Severance, w'e must consider whether or not the entry of that order was harmful error. This issue depends, at least in our opinion, on the legitimate purposes to be served by the joining of an insurance carrier as a party to a negligence action against an insured based on conduct allegedly creating a liability covered by the insurance contract. As pointed out in Shingleton v. Bussey, Fla.1969, 223 So.2d 713, one of the purposes of joining an insurance carrier in such an action is to expedite the adjudication of coverage questions by trying them in the same judicial proceeding that tests the liability as between the insured and the injured plaintiff. In its opinion in Beta Eta House Corp., Inc. of Tallahassee v. Gregory, supra, the Florida Supreme Court mentioned another purpose. The Court said:
* * * * , * *
“The purpose of Shingleton v. Bussey, supra, was to require the parties to ‘lay their cards on the table’ in discovery proceedings, settlement negotiations, and pretrial hearings. The existence or amount of insurance coverage has no bearing on the issues of liability and damages, and such evidence should not be considered by the jury.”
Thus, it would appear that the legitimate objects of joining the insurance carrier are: (a) facilitation of the resolution of coverage issues; (b) facilitation of discovery; and (c) as a result of the foregoing, the promotion of voluntary settlements. Although there may be other legitimate objects of such joinder, the influencing of the jury verdict on the issue of the tort-feasor’s liability for damages is not among them. In the opinion of this court in Stecher v. Pomeroy, Fla.App.1971, 244 So. 2d 488, 489, we said:
“The existence or amount of insurance coverage has no bearing on the issues of liability and damages . . . and such evidence should not be considered by the jury. . . .”
After the present cause was remanded to us by the Florida Supreme Court, we asked the parties to file supplemental briefs dealing with the issue of prejudice resulting *387 from the Order of Severance. They very kindly accommodated us in this regard and also presented additional oral argument on the issue. It appears therefrom and from the original briefs of the parties, that the only prejudice which the plaintiff claims to have suffered arises out of the fact that the jury was prevented from considering the existence of insurance coverage in connection with its deliberations on the issues of liability and damages. The plaintiff’s position seems to be that the jury might have assumed from the absence of an insurance company before it that the defendant Rumsey did not have insurance or other means of paying a judgment and for that reason found against the plaintiff.
For us to accept the plaintiff’s position and at the same time remain intellectually honest, it would clearly be necessary for this court to approve the proposition that the presence of liability insurance is a fact properly to be considered by the trier of fact in determining liability for common law negligence. This we cannot do. To embrace such a proposition would be tantamount to a significant judicial modification of the elements of common law negligence which by statute are a part of the law of this state. See F.S. Section 2.01, F.S.A.1971. Such a modification of substantive law should fall to the legislature — not the courts. Furthermore, the adoption of a rule that authorizes the trier of fact to consider the presence of insurance as a factor weighing on the determination of liability and damages would lead our negligence trials into a chaos of collateral issues. For example, if the plaintiff is entitled to show the presence of insurance, should he not also be allowed to show the amount thereof ? In a case where damages are great, but the amount of coverage is nominal, may the defendant show the amount of insurance coverage to dampen the verdict? In a like case, could the plaintiff show the extent of the defendant’s other assets for the purpose of boosting the verdict? In any case, could the defendant show the amount of plaintiff’s a means of influencing the assets as verdict ?
We conclude that the trial court’s Order For Severance was erroneous, but did not thwart any legitimate object to be achieved by the joinder of the defendant insurance company. We, therefore, hold that such error was harmless. Accordingly, the final judgment is affirmed.
Affirmed.
OWEN, J., and MORROW, RUSSELL O., Associate Judge, concur.