LILES, Judge.
Petitioner Betty Hinton filed a personal injury suit against Steve Dellinger and *608 Ralph Quinlan and was represented in that suit by Petitioners, Richard Mulholland and Dennis Slater, Esquires.
Following the Florida Supreme Court’s decision in Stecher v. Pomeroy, Fla.1971, 253 So.2d 421, the court granted plaintiff’s motion-to add the liability carrier for Del-linger and Quinlan, Iowa National Mutual Insurance Company. Defendants then filed their motion to add as parties-plaintiff attorneys Mulholland and Slater.
The trial judge entered his order granting defendants’ motion providing plaintiff’s attorneys had entered into a contingent fee contract with the plaintiff. A subpoena duces tecum was issued and plaintiff’s attorneys Mulholland and Slater were subpoenaed to appear before the trial court to determine whether or not plaintiff’s attorneys had a contingent fee contract with plaintiff. The attorneys appeared upon the designated date but refused to divulge whether or not there was, in fact, a contingent fee contract on the basis that it would be a violation of the attorney-client relationship. The trial -court then entered its order requiring the attorneys to produce the contract or be in contempt of court on a day certain. The court in its order said:
“The Court contemplates that in the event that RICHARD MULHOLLAND, ESQUIRE, fails to seek a review of this Order by an appellate court and in the further event that he fails to comply herewith, this Court shall conduct further proceedings on the issue of contempt after February 4, 1972.”
Plaintiff’s attorneys along with plaintiff then petitioned this court to review the trial judge’s order by common law writ of certiorari. Petitioners urge that this court has jurisdiction to grant petition for cer-tiorari on several general grounds. No purpose will be served in analyzing the law cited by petitioners since respondents do not contest this court’s jurisdiction to decide the point involved. Therefore, under our discretionary power, we accept jurisdiction.
Petitioners urge that the trial court misconstrued the nature of a contingent fee contract between counsel and client in assuming that a right to proceeds of litigation was a vested interest in a cause of action. They argued in their briefs that the proceeds of litigation are not a vested interest in the cause of action. The respondents urge the question is: “Should a contingent fee contracting personal injury lawyer be added to the cause as a real party in interest.” This court conceives the question to be “When a person is to receive any of the proceeds from a contemplated judgment must he be added as a party-plaintiff under the authority of Shin-gleton v. Bussey, Fla.1969, 223 So.2d 713 and Stecher v. Pomeroy, supra.
Respondents’ counsel has honored us with an excellent treatise on the evils of contingent fees, the rising costs of insurance premiums, has artfully disgorged himself of his distrust of the entire circumstances surrounding plaintiff’s lawyers’ conduct in negligence actions and is particularly concerned with the situation he finds facing his client, Iowa National Mutual Insurance Company. This, of course, is not the question. The Supreme Court of Florida aasumed jurisdiction over the conduct of lawyers by the adoption of the Integration Rule and in the Code of Professional Responsibility adopted by the Supreme Court effective October 1, 1970, in Canon 2, 32 F.S.A., the Supreme Court said:
“A Lawyer Should Assist the Legal Profession in Fulfilling Its Duty to Make Legal Counsel Available.
“Contingent fee arrangements in civil cases have long been commonly accepted in the United States in proceedings to enforce claims. The historical bases of their acceptance are that (1) they often, and in a variety of circumstances, pro *609 vide the only practical means by which one having a claim against another can economically afford, finance, and obtain the services of a competent lawyer to prosecute his claim, and (2) a successful prosecution of the claim produces a res out of which the fee can be paid. Although a lawyer generally should decline to accept employment on a contingent fee basis by one who is able to pay a reasonable fixed fee, it is not necessarily improper for a lawyer, where justified by the particular circumstances of a case, to enter into a contingent fee contract in a civil case with any client who, after being fully informed of all relevant factors, desires that arrangement. . .q
They have therefore approved contingent fee arrangements.
While respondents’ lawyer calls it “hollow sounding language” this argument should be addressed to the Supreme Court in his attempt to void contingent fee contracts.
Respondents’ attorney then urges that since the Supreme Court, by the Shingleton and Pomeroy decisions, supra, has brought the insurance companies into the courtroom to protect against the “little old truck driver” argument this court should bring plaintiff’s attorneys in to protect against the “poor plaintiffs” argument by showing that he or she will be able to “pay” the lawyers since he or she would not be obligated therefor unless victorious. This, he contends, is the “vested interest” of the attorneys, and he supports his position by alleging that when a judgment is obtained the attorney’s fees are then added onto the verdict thereby driving it upward. The attorney’s fee may, indeed, have an effect on ■ a jury’s verdict but it is not added onto the judgment. Maybe this is the way it should be done but adding plaintiff’s attorney as a party-plaintiff has not been sanctioned by an extension of Shingleton and Pomeroy or any other appellate court in the country.
If we are to say that anyone who may or may not receive proceeds from the plaintiff’s judgment may be joined, then we might have to add as party-plaintiffs not only plaintiff’s attorneys but also doctors, hospitals, pharmacies, etc., etc. Too, we might have to add also court reporters and others who render services which give rise to expenses incurred in the trial of law suits, including doctors, other expert witnesses for both sides, and even defense attorneys. If, as respondents suggest, it is appropriate to inquire into circumstances of the employment of plaintiff’s attorneys, we should also inquire into defense attorneys’ fees and how they obtained their clients (not only the insurance companies who usually pay retainer fees, but also the insureds who almost always are represented by their insuror’s counsel). We do not believe that public policy as urged by respondents’ attorney supports such a theory, to say nothing of practicality.
A contingent fee, and we neither condemn nor condone such arrangement, is not the same as a contract between a carrier and its insured. The insured contracts with the insurance company to defend him and protect him against claims growing out of automobile accidents and presumably he pays in his premium, the costs of litigation, should there be litigation.
This is the basis for Shingleton and Pomeroy, supra, and this is the basis upon which the Supreme Court said “the insurance companies are real parties in interest.” Particularly they said in Shingleton that an insurance company cannot contract away its third party beneficiary liability. They characterize the contracts between the insured and his insurance company as no longer private matters based upon the State’s Financial Responsibility Law, Ch. 324, F.S.A.
The court went on to say that:
“[A] contract of insurance can be entered into which imposes certain reason *610 able conditions or limitations on the responsibility of the insurer to pay out the proceeds or benefits contemplated by the contract. But such' conditions cannot unreasonably burden or curtail the otherwise actionable right of a third party beneficiary to sue jointly the parties charged with the liability, viz., the tort-feasor and the insurer of the tort-fea-sor.” Shingleton v. Bussey, 223 So.2d at 717.
A contingent fee contract between a plaintiff and plaintiff’s lawyer, in our opinion, cannot be compared with an insurance contract between an insured and his insuror. Therefore Shingleton and Pome-roy do not extend to characterize plaintiff’s lawyers as real parties in interest.
Certiorari is hereby granted and the order of the trial court is reversed and remanded for action consistent with this opinion.
PIERCE, C. J., and McNULTY, J., concur.