281 So.2d 499 (1973)
Walter L. GODSHALL, Petitioner,
v.
UNIGARD INSURANCE COMPANY, Etc. and Jean Rumsey, Etc., Respondents.
No. 43066.
Supreme Court of Florida.
June 27, 1973.
Rehearing Denied September 13, 1973.
*500 S. Victor Tipton, Orlando, for petitioner.
J. Thomas Cardwell of Akerman, Senterfitt, Eidson & Wharton, Orlando, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 267 So.2d 383. Our jurisdiction is based on conflict between the decision sought to be reviewed and Stecher v. Pomeroy.[1]
Plaintiff, petitioner herein, brought suit for injuries allegedly resulting from a traffic accident. The defendant and her liability insurance company, respondent herein, were joined as defendants. Subsequently, over plaintiff's opposition, defendant insurance company was severed from the case. The jury returned a verdict for defendant, and, on appeal, the District Court affirmed, without opinion, the judgment for the defendant.[2]
On petition for writ of certiorari to this Court, conflict was found between the decision of the District Court and Stecher v. Pomeroy, supra. This Court quashed the District Court's opinion, and remanded for reconsideration in the light of this Court's decision in Stecher v. Pomeroy, supra. The previous decision of this Court in this cause,[3] emphasizes the following statement from the Stecher opinion:
"There are some instances where there is a question of coverage when a severance would be quite proper to try those issues separately, and the severance would be under this rule, as there pointed out. However, the remainder of that opinion holds, and we hereby reaffirm, that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted."[4]
On remand, the District Court, in the decision presently sought to be reviewed, held that the error of the trial court in severing the insurance company was "harmless" and again affirmed the judgment below, holding:
"Having concluded that the trial court committed error in the entry of its Order For Severance, we must consider whether or not the entry of that order was harmful error. This issue depends, at least in our opinion, on the legitimate purposes to be served by the joining of an insurance carrier as a party to a negligence action against an insured based *501 on conduct allegedly creating a liability covered by the insurance contract... .
[T]he legitimate objects of joining the insurance carrier are: (a) facilitation of the resolution of coverage issues; (b) facilitation of discovery; and (c) as a result of the foregoing, the promotion of voluntary settlements. Although there may be other legitimate objects of such joinder, the influencing of the jury verdict on the issue of the tort-feasor's liability for damages is not among them... . [T]he only prejudice which the plaintiff claims to have suffered arises out of the fact that the jury was prevented from considering the existence of insurance coverage in connection with its deliberations on the issues of liability and damages. The plaintiff's position seems to be that the jury might have assumed from the absence of an insurance company before it that the defendant Rumsey did not have insurance or other means of paying a judgment and for that reason found against the plaintiff."[5]
Petitioner contends that the foregoing decision of the District Court creates conflict with Stecher v. Pomeroy, supra, and the previous opinion of this Court in the instant case.[6] We agree. In Stecher, this Court recognized that the jury was entitled to be aware of an insurer as a real party in interest, "so as to reflect the presence of financial responsibility which should be left apparent before the jury... ."[7].
Further, the Stecher opinion stated:
"It was felt in reaching our decisions in Beta and Bussey that revealing the existence of an insuror as a real party in interest justifiably reflects the true fact that there is financial responsibility. This offsets any indulgence by counsel or the jury with unfounded arguments like, `This poor, hard working truck driver and his family' approach, when in fact there is an ability to respond... ."[8]
In this Court's first opinion in this matter, we remanded for reconsideration in the light of Stecher, setting out the rule that a severance should NOT be granted "absent a justiciable issue relating to insurance, such as the question of coverage or of the applicability or interpretation of the insurance policy... ."[9]
The District Court, in the opinion under review, refuses to consider the plaintiff's interest in retaining the insurer as a real party in interest "so as to reflect the presence of financial responsibility" as we said in Stecher, as a legitimate purpose to be served by joining an insurance carrier. On this basis, severance of the insurer was found by the District Court to be harmless error.
We cannot agree. Again, we must return to the principles enunciated in Stecher:
"The insurance carrier's position as a real party in interest is a position of continuing interest which includes the trial of the cause which a third party has asserted against its insured. To rule otherwise on a motion for severance would be to defeat the purposes of the rule enunciated in these cases with regard to the real party in interest so as to reflect the presence of financial responsibility which should be left apparent before the jury (without other express mention, of course) and the other basis set forth in those holdings. The routine granting of such motions for severance except for such good cause related to insurance coverage would be a misapprehension of this Court's holding."[10]
*502 The interest which plaintiff has in presenting to the jury the truest possible picture of the existence of financial responsibility is much too important to allow the loss of that interest, through the granting of severance for any reason except those enumerated in Stecher and repeated in this Court's first opinion in this cause, to be dismissed as "harmless error."
For that reason, we hold that if the trial court grants severance absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, such court commits harmful error. We hold that such error was committed in the court below.
Accordingly, the decision of the District Court of Appeal, Fourth District, is quashed, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 253 So.2d 421 (Fla. 1971).
[2] 252 So.2d 875 (Fla.App. 4th 1971).
[3] 255 So.2d 680 (Fla. 1971).
[4] Id. at 681, quoting from Stecher v. Pomeroy, supra, 253 So.2d at 424. (Emphasis appearing in both opinions.)
[5] 267 So.2d at 386-387. (Citations omitted.)
[6] See note 3, supra.
[7] 253 So.2d at 424.
[8] Id. at 423.
[9] 255 So.2d at 681.
[10] 253 So.2d at 424. (Emphasis supplied.)