PER CURIAM.
-o . , .. , By this appeal we are called upon to review the final judgment, after a jury trial findinS that there was no ^erage by an insurance carrier because of the non-cooperation of the insured. In said final judgment, the trial court made the following findings of fact and conclusions of law:

“The foregoing cause came on before the Court for non-jury trial on the issue of insurance coverage, raised by way of defense to the principal action, and the Court having examined the pleadings and the evidence submitted by the respective parties, and being otherwise fully advised in the premises, makes the following findings:
“1. The plaintiff and Lawrence J. Williams, hereinafter referred to as WILLIAMS, were involved in a motor vehicular accident on November 28, 1969. At the time, WILLIAMS was the insured under a policy of automobile liability insurance issued by Northwestern Mutual Insurance Company, hereinafter referred to as NORTHWESTERN.
“2. On August 9, 1971, the plaintiff initiated this action against WILLIAMS and NORTHWESTERN.
“3. NORTHWESTERN answered plaintiff’s complaint alleging, among other things, that there was no coverage for WILLIAMS because of his failure to give NORTHWESTERN notice of the accident and his failure to cooperate with NORTHWESTERN.
“4. Actual service of process was never made upon WILLIAMS, notwithstanding valiant and persistent efforts by plaintiff’s counsel to locate WILLIAMS and effect such service.
“5. Upon appropriate motion the Court found that WILLIAMS was concealing his whereabouts and attempting *88 to avoid service of process and, accordingly, impressed jurisdiction over WILLIAMS on May 2, 1974.
“6. The cause proceeded to trial, except as to the issue of coverage, on October 21, 1974, and verdict was returned for plaintiff in the sum of $52,037.00.
“7. NORTHWESTERN received notice of the accident from plaintiff’s counsel on December 29, 1969. However, WILLIAMS never contacted NORTHWESTERN, failed to report the accident, failed to notify NORTHWESTERN of his apparent changes of address and, despite efforts of NORTHWESTERN and plaintiff’s counsel, was never located.
“8. WILLIAMS breached the terms of the policy issued by NORTHWESTERN because of his total failure to cooperate. Further, the breach was material and substantially prejudiced NORTHWESTERN.
“It is, therefore, the opinion and judgment of this Court that WILLIAMS was not entitled to coverage under the policy and that NORTHWESTERN was correct in its denial of coverage. The plaintiff relies in part upon the case of American Fire and Casualty Company v. Collura, Fla.App.1964, 163 So.2d 784. Such reliance, however, is misplaced because there the insured notified his carrier of the accident and his whereabouts were known to all parties throughout the proceedings. Further, in considering the issue of cooperation in that case the Second District Court of Appeal stated at page 788:
“In considering the question of breach of a cooperation clause in an insurance policy, it must always be borne in mind that in order for the company to avoid liability by reason of the insured’s breach, the company must show that it has exercised diligence and good faith in bringing about the cooperation of the insured, and that it has in good faith complied with the terms and conditions of the policy, [cases cited] On the other hand, the insured is bound to cooperate with his insurer and to abide, both in letter and in spirit, with the terms of the contract; or he should at least be held to reasonably strict compliance with the terms thereof.’
“Here, not only did NORTHWESTERN exercise diligence in attempting to locate WILLIAMS but, also, was precluded by WILLIAMS’ concealment from ‘bringing about’ his cooperation. Moreover, WILLIAMS totally disregarded his own responsibility in the premises.” [Emphases supplied]
* * * * * *
Under existing Florida law, we conclude that the trial judge’s order should be affirmed. American Fire and Casualty Company v. Vliet, 148 Fla. 568, 4 So.Zd 862; American Fire and Casualty Company v. Collura, Fla.App.1964, 163 So.2d 784; Bordettsky v. Hertz Corporation, Fla.App. 1965, 171 So.2d 174; Anno. 60 A.L.R.2d 1146. However, the appellant has made a persuasive argument that because of the modern trend of requiring that motorists carry insurance [§ 627.733, Fla.Stat.; 7 Am.Jur.2d, Automobile Insurance, §§ 4, 6] insurance carriers are real parties in interest in automobile accident litigation. Stecher v. Pomeroy, Fla.1971, 253 So.2d 421; Godshall v. Unigard Insurance Company, Fla.1973, 281 So.2d 499; Allred v. Chittenden Pool Supply, Inc., Fla.1974, 298 So.2d 361. That, because of the mandatory requirements of the no fault insurance act adopted in recent years in Florida, these older decisions should be ignored and the law should be changed as a matter of public policy and a carrier should suffer the responsibility of finding its insured and, if it could not, it should then be required to respond for any damages within *89 the limits of its policy to the injured innocent party and be left to its remedy by seeking indemnification from its insured.
In light of the Supreme Court’s opinion in Hoffman v. Jones, Fla.1973, 280 So.2d 431, we seriously doubt that we could change these decisions as a matter of public policy. However, we are going to certify this matter to the Supreme Court of Florida as one that passes upon a question of great public interest in that it determines that, notwithstanding recent developments in the law, an automobile insurance carrier may still be permitted to avoid liability pursuant to a provision in its contract requiring the insured to give his cooperation in connection with any claim of which the carrier would have responsibility under the contract.
Therefore, for the reasons above stated, the final judgment under review be and the same is hereby affirmed.