DOWNEY, Judge.
Because we improvidently denied certio-rari at an earlier stage of this case, we are now forced to reverse a judgment for the appellants and remand the cause for a new trial.
Michelle Rae Price, while a student at a public elementary school in Broward County, was allegedly injured on the school premises as a result of alleged, negligence in the maintenance of said premises. Michelle and her father ultimately sued the Broward County School Board and Unigard Mutual Insurance Company. Upon authority of a portion of Section 230.23(9)(d)(2), Florida Statutes (1973)[1], the School Board and Uni-gard moved to sever the insurance company as a party defendant and to prohibit any mention of the insurance company to the jury. Said motion was granted. Unigard was “severed from the trial of this cause” and any mention of insurance was prohibited.
The plaintiffs then filed a Petition for Writ of Common Law Certiorari in this court, asserting that the trial court’s order was a departure from the essential requirements of law because the statutory section prohibiting reference to the insurance company contained in Section 230.23(9)(d)(2) was unconstitutional. We denied certiorari “without prejudice to petitioners’ right to raise the same issues on appeal from the final judgment in the cause.” Price v. Unigard Mutual Insurance Company, 312 So.2d 482 (Fla.4th D.C.A.1975).
As fate would have it, on remand the case was tried and the jury returned a verdict for the defendant School Board. As one would expect, plaintiffs have filed this appeal from the final judgment, and the sole assignment of error and point on appeal involves the propriety of the order of severance of the insurance company, which *1041 plaintiffs sought to have reviewed by the aforementioned Petition for Writ of Certio-rari.
The order severing the insurance company and prohibiting the mention of insurance in the cases was erroneous. The portion of Section 230.23(9)(d)(2) we quoted is unconstitutional as an invasion of the rule making power of the Supreme Court. Article Y, Section 2(a), Constitution of Florida. Cf. School Board of Broward County, Florida v. Surette, 281 So.2d 481 (Fla.1973); Whittemore v. Dade County, 292 So.2d 363 (Fla.1974); Carter v. Sparkman, 335 So.2d 802 (Fla.1976). Thus, from our present vantage point, we conclude that we should have granted the Petition for Writ of Certiorari and quashed the order severing the insurance company. This turn of events is particularly disturbing because it was our view initially on this appeal that the jury having found the School Board not guilty of negligence, the error in severing the insurance company was harmless. We based that initial view on the following pronouncement of the Supreme Court in Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163, 165 (Fla.1970):
“The existence or amount of insurance has no bearing on the issues of liability and damages, and such evidence should not be considered by the jury.” (Emphasis added.)
Later, in Godshall v. Unigard Insurance Company, 267 So.2d 383 (Fla.4th D.C.A. 1972), this court specifically held that the severance of an insurance company from the case so as to preclude the jury from knowing insurance was involved was harmless error because the presence or not of insurance by the defendant was not relevant to the issues of liability and damages. Convincing as a reading of that opinion seems, the Supreme Court quashed it in Godshall v. Unigard Insurance Company, 281 So.2d 499 (Fla.1973), stating:
“ ‘The insurance carrier’s position as a real party in interest is a position of continuing interest which includes the trial of the cause which a third party has asserted against its insured. To rule otherwise on a motion for severance would be to defeat the purposes of the rule enunciated in these cases with regard to the real party in interest so as to reflect the presence of financial responsibility which should be left apparent before the jury (without other express mention, of course) and the other basis set forth in those holdings. The routine granting of such motions for severance except for such good cause related to insurance coverage would be a misapprehension of this Court’s holding.’
“The interest which plaintiff has in presenting to the jury the truest possible picture of the existence of financial responsibility is much too important to allow the loss of that interest, through the granting of severance for any reason except those enumerated in Stecher [Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971) ] and repeated in this Court’s first opinion in this cause, to be dismissed as ‘harmless error.’
“For that reason, we hold that if the trial court grants severance absent a jus-ticiable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, such court commits harmful error.” (Footnote omitted.)
The Supreme Court having so ruled, we must now hold that the order severing the insurance company in the case and prohibiting the mention of insurance was not harmless error and that a new trial is required.
Accordingly, the judgment appealed from is reversed, and the cause is remanded with directions to vacate the order of June 6, 1974, and grant plaintiffs a new trial on all issues.
REVERSED AND REMANDED WITH DIRECTIONS.
DAUKSCH, J., and GREEN, OLIVER L., Associate Judge, concur.

. “ . . . Provided, however, no attempt shall be made in the trial of any action against a school board to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff.”