MILLS, Judge.
Mr. Barrett seeks review of an order severing State Farm, Ms. Gill's insurance company, as a party defendant to his suit for the wrongful death of his daughter arising out of an automobile accident occurring on 2 May 1976.
Mr. Barrett contends the trial court erroneously based its order of severance on Section 627.7262(1), Florida Statutes (1976). State Farm contends the order was based on public policy expressed in Section 627.-7262(1).
Section 627.7262(1) provides in pertinent part:
“No motor vehicle liability insurer shall be joined as a party defendant in an action to determine the insured’s liability.

Chapter 76-266, § 16, Laws of Florida, states:
“This act shall take effect October 1, 1976, and shall apply to all claims arising out of accidents occurring on or after said date.”
Section 627.7262(1) is not applicable to this case. The accident giving rise to this action occurred on 2 May 1976 and the action was filed on 27 September 1976. The statute did not become effective until 1 October 1976 and then applied only to claims arising out of accidents occurring on or after11 October 1976.
Prior to 1 October 1976 public policy permitted the joinder of an insurer as a party defendant in motor vehicle liability insurance coverage cases. Our Supreme Court stated in Shingleton v. Bussey, 223 So.2d 713 (Fla.1969):
“We conclude a direct cause of action now inures to a third party beneficiary against an insurer in motor vehicle liability insurance coverage cases as a product of the prevailing public policy of Florida.”
Subsequently, our Supreme Court stated in Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971):
“. . . [W]e hereby reaffirm, that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should not be- granted.”
Also see Godshall v. Unigard Insurance Company, 255 So.2d 680 (Fla.1971).
The trial court departed from the essential requirements of law in severing State Farm. We, therefore, grant certiorari and quash the order severing State Farm. This case is remanded for further appropriate action.
BOYER, C. J., and ERVIN, J., concur.