## RAVER v. ALLSTATE INSURANCE CO., et al.
No. 77-8835-8.

Circuit Court, Pinellas County.

January 17, 1978.

Thomas M. Woodruff, St. Petersburg, for the plaintiff.

Donald V. Bulleit, St. Petersburg, for the defendants.

CLYDE M. KISSINGER, Circuit Judge.

This cause having come on to be heard the 9th day of January, 1978, upon the plaintiff's motion to join a real party in interest, i.e., Allstate Insurance Company, pursuant to R.C.P. 1.210(a), and the court having been advised of the law and of argument of counsel, and having heard argument to the effect that Florida Statute 627.7262, effective October 1, 1976, that provides in part "no motor vehicle liability insurer shall be joined as a party defendant in an action to determine the insured's liability . . ." is unconstitutional, and the court having fully considered the motion filed herein and the argument of plaintiff's counsel based on the following — R.C.P. 1.210(a), *Shingleton v. Bussey,* 223 So.2d 713 (Fla. 1969), particularly headnote 7; In re *Clarification of Florida Rules of Practice and Procedure,* 281 So.2d 204 (Fla. 1973); *Carter v. Sparkman,* 335 So.2d 802, particularly headnotes 6 and 7, at page 806; *Price v. School Board of Broward County,* 342 So.2d 1039 (4th DCA 1977), particularly at page 1041; *Beane v. American States Insurance Company,* Dade County Circuit Court No. 77-1178-CA(L)01C; *Tietz v. USF & G,* Circuit Court No. 77-0325 CA-01-HSS, Collier County; *Kayer v. Home Indemnity Company,*

Circuit Court No. 77-1099, Okaloosa County; *Wroblewski v. Hartford Accident and Indemnity Company, et al,* Circuit Civil No. 76-2684-CA-JRS, Lee County; and *Thomas v. Allstate Insurance Company and Alfred Turner,* Circuit Civil No. 77-7003-19, Pinellas County; and further having considered argument of counsel and otherwise being duly advised, it is hereby ordered and adjudged as follows —

The court finds and determines that Allstate Insurance Company is a real party in interest in this action, pursuant to R.C.P. 1.210(a).

The court further finds that Florida Statute 627.7262 in its attempt to preclude the joinder of a real party in interest is in direct conflict with the Florida Rules of Civil Procedure, particularly R.C.P. 1.210(a), which is a rule promulgated by the Florida Supreme Court and relates to practice and procedure.

The court finds that Florida Statute 627.7262 is in conflict with the inherent rule making power of the Supreme Court as provided in Article V, Section 2(a) of the Florida Constitution that provides the Supreme Court shall adopt rules and procedure for all courts.

That when a statute is in conflict with the inherent rule making power of the Supreme Court and directly in conflict with a promulgated Rule of Civil Procedure — specifically R.C.P. 1.210(a) — the contrary statutory provisions and the statute must fall.

The court specifically adopts and reiterates the statements of Circuit Judge Vaughn J. Rudnick, Dade County Circuit Court, in *Beane v. American States Insurance Company,* cited above in his order denying the motion to dismiss, filed in that case, dated May 16, 1977, and set forth in 179 AFTL Jour. 1, Aug. 1977.

It is further ordered that Florida Statute 627.7262 is hereby found to be void and unconstitutional as contrary to the provisions of Article V, Section 2(a), which provides that the Supreme Court of Florida shall adopt rules and procedures for all courts in that the statute specifically is in conflict with R.C.P. 1.210(a).

That pursuant to the foregoing the plaintiffs' motion to join a real party in interest, i.e., Allstate Insurance Company, is hereby granted in that said company is found to be a real party in interest and a proper party defendant, in the above-styled action.