DOWNEY, Chief Judge.
By petition for certiorari Clevetrust Realty Investors seek to quash an order of the trial court severing the defendant’s insurance carrier as a party defendant prior to the trial of the case.
Clevetrust filed suit against Stephen W. Toothaker in that defendant, Toothaker, a member of the Florida Bar, had entered into an agreement with Clevetrust Realty Investors, a Massachusetts Business Trust, whereby it was agreed that Clevetrust would forward to Toothaker partial releases of mortgages on individual units of a condominium project developed by Toothaker’s client, The Barth Corporation. Toothaker was to hold these releases until he had received the release prices for each unit and he was to then forward the monies received to Clevetrust. The complaint further alleged that Toothaker failed to abide by the trust and escrow agreement and that he had a policy of insurance with Gulf Insurance Company which provided coverage for such a breach of contract.
At a pretrial conference held almost three years after suit was filed Gulf Insur-anee Company filed a motion to sever it as a party defendant because Gulf was defending its insured Toothaker under a reservation of rights. It was further alleged in the motion that Toothaker and Gulf believed once all the facts were developed at trial the question of coverage would be resolved without the need for further judicial effort, and lastly that to try the coverage question at trial would unnecessarily delay and confuse the issues. At the hearing on said motion counsel for Toothaker and Gulf advised the court that the policy covered Toot-haker for the acts alleged in the complaint unless fraud on the insured’s part was proven; neither counsel knew of any fraud on Toothaker’s part, did not believe any fraud had been committed, nor did they think any evidence of fraud would be produced at trial. Defendants’ counsels’ strongest position seems to have been that one does not know what may be shown at trial and there is a possibility that evidence of fraud might be developed. The trial court granted the motion to sever and that order is the subject of this appellate review.
The parties concede that this case is to be decided on the law as it existed prior to the passage of recent statutes providing for non-joinder of automobile insurance companies[1] and liability insurance generally.[2] Thus, under the applicable law petitioner had a right to name the defendant’s insurance carrier as a party defendant. The court had the authority to sever Gulf in furtherance of convenience or to avoid prejudice to the parties, rule 1.270(b), Fla.R.Civ.P., but its discretion to do so is not boundless. There must be some justiciable issue regarding the insurance policy of coverage in order to justify the severance. Godshall v. Unigard Insurance Company, 281 So.2d 499 (Fla.1973). Counsel’s speculation that evidence of fraud may turn up after three years of litigation in which it has not yet made an appearance is hardly a justiciable issue warranting the severance in question.
*1046 Respondent also contends that the trial court’s inclusion of the following provision makes the order in question acceptable. The trial court in granting the severance provided:
“It has been stipulated . . . that if there is no evidence against . TOOTHAKER, by the end of the trial indicating support for the reservation of rights under which . . . GULF INSURANCE COMPANY, is now defending . . . TOOTHAKER, then and in that event, GULF INSURANCE COMPANY will stipulate that any judgment which is entered against TOOTHAKER, may also be entered against . . . GULF INSURANCE COMPANY.”
We disagree. Petitioner had a right to name Gulf as a defendant and to try the case with all of the proper parties defendant before the jury. Petitioner was entitled to have the jury know that Toothaker was insured. As the Supreme Court said in Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971):
“The insurance carrier’s position as a real party in interest is a position of continuing interest which includes the trial of the cause which a third party has asserted against its insured. To rule otherwise on a motion for severance would be to defeat the purposes of the rule enunciated in these eases with regard to the real party in interest so as to reflect the presence of financial responsibility which should be left apparent before the jury (without other express mention, of course) and the other bases set forth in those holdings. The routine granting of such motions for severance except for such good cause related to insurance coverage would be a misapprehension of this Court’s holding.” 253 So.2d at 424.
That holding was followed in Godshall, supra, wherein it was added:
“For that reason, we hold that if the trial court grants severance absent a justicia-ble issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, such court commits harmful error.” 281 So.2d at 502.
Accordingly, the petition for certiorari is granted and the order of severance is quashed and the cause is remanded with directions to reinstate the Gulf Insurance Company as a party defendant.
CERTIORARI GRANTED; ORDER OF SEVERANCE QUASHED; AND CAUSE REMANDED, with directions.
CROSS and LETTS, JJ., concur.

. Section 627.7262, Florida Statutes (1977).

. Ch. 77-468, Laws of Florida (1977).