PER CURIAM.
This cause is before the Court as an original proceeding pursuant to our rulemaking authority under article V, section 2(a), Florida Constitution. The issue is the continued appropriateness of Florida Rule of Civil Procedure 1.450(e) or, alternatively, the formulation of a similar rule for other types of actions. Rule 1.450(e) states:
(e) Reference to Insurance in Medical Malpractice Actions. In any civil medical malpractice action, the trial on the merits shall be conducted without any reference to insurance, to insurance coverage, or to the joinder of an insurer as co-defendant in the suit.
The invitation to further consider this rule emanated from our decision reviewing the 1980 civil rules[1] coupled with our decision in Aldana v. Holub, 381 So.2d 231 (Fla. 1980). At this time we decline to abolish the rule or to adopt a similar rule for other types of actions.
Rule 1.450(e) followed the 1975 legislative enactment of section 768.133(10) in chapter 75-9, Laws of Florida, section 5 (transferred to section 768.134 by the Statutory Revision Division and currently located in section 768.47). The 1975 legislative enactment stated: “Furthermore, in any civil medical malpractice action, the trial on the merits shall be conducted without any reference to insurance, insurance coverage or joinder in the suit of the insurer as a co-defendant.” In Carter v. Sparkman, 335 So.2d 802 (Fla.1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977), overruled, Aldana v. Holub, 381 So.2d 231 (Fla.1980), as stated in McCarthy v. Mensch, 412 So.2d 343 (Fla.1982), we held that in enacting that provision the legislature had trespassed upon the Court’s rule-making authority, but stated:
In view of the apparent wisdom of continuing the policy expressed in the questionable portion of this statute, we adopt the substance of the portion of Section 768.134(1), Florida Statutes (1975), as a rule of procedure for all medical malpractice trials conducted or in process under the statute.
335 So.2d at 806. Rule 1.450(e) was then enunciated.
Section 768.133, Florida Statutes (1975), held constitutional in Carter, referred to the mediation procedure required as a condition precedent of bringing a malpractice action. It was subsequently renumbered as section 768.44. Section 768.134 dealt with the prohibition of reference to insurance in a jury trial; it was renumbered as section 768.47. In Aldana we dealt with section 768.44, the mediation procedure section. We held that experience indicated that the mediation requirement could not be constitutionally applied and ruled that section 768.44 violated the due process clause of the United States and Florida Constitutions. We did not mention, modify, or explain in any manner section 768.47. We rightly did not do so because sections 768.44 and 768.47 are severable. Aldana does not affect in any man *312 ner the public policy reasons which led to the creation of civil rule 1.450(e), governing the trial of a medical malpractice action. Our assault was on the pre-trial required mediation procedure. The public policy reasons, valid before, survive Aldana and remain intact.
The enactment of rule 1.450(e), however, was contrary to other rulings of this Court concerning the joinder of insurance companies. This Court, in Shingleton v. Bussey, 223 So.2d 713 (Fla.1969), established the principle that a plaintiff, as a third-party beneficiary of a motor vehicle liability policy, had a direct cause of action against the insurer and could join the insurer as a party defendant along with the insured.[2] Shingleton also stated that it is better to have “all the cards ... on the table,” Id. at 720, because
the stage has now been reached where juries are more mature. Accordingly, a candid admission at trial of the existence of insurance coverage, the policy limits of same, and an otherwise aboveboard revelation of the interest of an insurer in the outcome of the recovery action against insured should be ... beneficial ....
Id. at 718.
That decision was followed the next year by Beta Eta House Corp. v. Gregory, 237 So.2d 163 (Fla.1970), overruled, Godshall v. Unigard Insurance Co., 281 So.2d 499 (Fla. 1973), as stated in Price v. School Board, 342 So.2d 1039 (Fla. 4th DCA 1977), rev’d, 362 So.2d 1337 (Fla.1978). Beta Eta House both expanded and restricted Shingleton. Concerning the expansion, we held that the principles announced in Shingleton were applicable not solely to automobile liability insurance but also to other forms of liability insurance as well. As far as restricting Shingleton, we stated that “[t]he existence or amount of insurance coverage has no bearing on the issues of liability and damages, and such evidence should not be considered by the jury.” 237 So.2d at 165.
The following year in Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971), we said that policy limits should not be disclosed to the jury, but “absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted.” Id. at 424 (emphasis in original). Moreover, in 1973 this Court in Godshall v. Unigard Insurance Co., 281 So.2d 499, 502 (Fla.1973), noted that “[t]he interest which plaintiff has in presenting to the jury the truest possible picture of the existence of financial responsibility is much too important to allow the loss of that interest, through the granting of severance. for any reason except those enumerated in Stecher ” and held the severance there to be reversible error.
Markert v. Johnston, 367 So.2d 1003 (Fla.1978), was decided in 1978 and should be mentioned. In that case we again considered a statute, section 627.7262, Florida Statutes (1977), designed to bar the joinder of the liability insurer as a defendant in a lawsuit against his insured, limited this time to motor vehicles. The Court, as it did in Sparkman, held the statute an invasion of our rulemaking authority in violation of article II, section 3 of the Florida Constitution, and therefore invalid. Despite the importunities expressed in the concurring opinion of Justice Alderman that the Court adopt the substance of section 627.7262 as a rule of procedure, similar to what it did in Sparkman, the Court declined to do so. In Cozine v. Tullo, 394 So.2d 115 (Fla.1981), in discussing the constitutionality of section 768.045, Florida Statutes (1977), which prohibited the joinder of a liability insurer in an action to determine the insured’s liability, we followed Markert and declared the statute unconstitutional because it trespassed upon this Court’s exclusive rulemak-ing authority. Three members of the Court dissented in Cozine.
*313 Once this Court has charted a course we should not alter it simply because the crew has changed and the new members disagree with the selected course. If, however, our actions create repetitive disagreements with the legislature, we should consider their views and review ours to assure that the course taken is the proper one. In the Shingleton line of cases we allowed the joinder and mention of insurance in tort claims. The legislature has, subsequent to those cases, enacted legislation seeking to prevent the joinder of or making reference to insurance companies. We have consistently ruled such statutes unconstitutional because they impinge on this Court’s rule-making power. We have recognized the acts of the legislature as being pronouncements of public policy in medical claims and have followed them with the rule under consideration, but have not done so in other type claims.
We recognize that there is disparate treatment, but we are unable to resolve our dilemma. A majority of our members is unwilling to repeal the rule with the attendant result of allowing reference to insurance in medical claims. A majority is likewise unwilling to extend the prohibition to all claims.
There are some additional contributing factors to our indecision. Normally, rule changes are made but every four years. We will soon be presented with proposed revisions to our rules. We can, and most likely will, revisit this issue when we consider those proposed changes. The legislature in the 1982 session again enacted a “nonjoinder” statute. § 627.7262, Fla.Stat. (Supp.1982). The constitutionality of that statute will undoubtedly be presented to this Court. Our response to that suit could resolve the issue of whether there should be a court rule allowing or disallowing the joinder or mention of insurance.
We therefore decline to abolish or modify civil rule 1.450(e) at this time.
It is so ordered.
ALDERMAN, C.J., and OVERTON, MCDONALD and SHAW, JJ., concur.
ALDERMAN, C.J., and SHAW, J., concur specially with opinions.
EHRLICH, J., dissents with an opinion, with which ADKINS and BOYD, JJ., concur.

. The Florida Bar. In Re Rules of Civil Proce-dare, 391 So.2d 165 (Fla.1980).

. We make no intimation in this proceeding of the constitutionality of ch. 82-243, § 542, Laws of Fla., codified as § 627.7262 Fla.Stat. (Supp. 1982), providing for nonjoinder of insurers in liability insurance actions.