PER CURIAM.
This is an appeal from a final decree' entered by the lower court upon proceedings had and testimony taken pursuant to the directions of this court in Harwell v. Sheffield, Fla.1955, 77 So.2d 439.
This case is concerned with the right of the plaintiffs’ appellants, who are *378 teachers in the public schools of Duval County, to a salary raise of $350 per year for the 1953-1954 school year. An appropriation of state funds for such purpose was made by the 1953 Legislature, with the proviso that “county teacher salary schedules shall provide at least a $350 annual increase from State funds over salary schedules for the previous year * * *” The 1953-1954 salary schedule adopted by the defendants, who are the members of the Board of Public Instruction of Duval County, was virtually the same as that for the 1952-1953 school year; and the instant suit was filed by plaintiffs for a declaration of their right, under the law, to a salary increase of $350 for the 1953-1954 school year.
Upon the first appeal here, this court reversed, in part, a summary decree in favor of the defendants and remanded the cause for the introduction of evidence by the County “to prove that there has been a substantial compliance with the conditions necessary to entitle the county to participate in the provisory appropriation made by the legislature.” Harwell v. Sheffield, supra, 77 So.2d 439, 442. Our decision was based on a finding that it was not the intention of the Legislature that the right of the County to participate in the appropriation should be forfeited if the facts were such as to make compliance with the condition impossible, and also a recognition of the fact that the county school fund currently available for any particular fiscal year is composed of variables which may be available to a county for a specific current year and yet not be available in other years and which, it was said, “may be the decisive factor in the determination of the issue whether or not, for such fiscal year, a school board has substantially complied with the provisions of the law that makes additional state moneys available for teachers’ salaries.”
Pursuant to our directions, the trial judge heard a great deal of testimony on the question of the budgetary requirements of the Duval County school system and the funds available therefor and made detailed findings of fact in these respects. His decree dealt exhaustively and admirably with the complexities of the situation, but we think no useful purpose would be served in setting it out in full. The “bare bones” of the matter, as found by him, were that the County Board had given its teachers a $250 annual pay raise for the 1952-1953 year which it had paid for out of county funds which would not recur in 1953-54 and thus “would not again be available to' sustain said salary increase into the year 1953-54.” Of the funds available for the 1953-54 school year, “all but the bare essentials for the maintenance and operation of a sound and workable school program was spent on instructional salaries.” In fact, during the year in question, the proportion of the Duval County school dollar devoted to instructional salaries was more than five per cent greater than the average for other counties of the state, whereas the proportion devoted to other school functions was less than the state average. The 1953 “teachers’ pay raise” appropriation was devoted entirely to instructional salaries and, without it, the County could not have carried forward into 1953-54 the 1952-53 $250 pay raise paid for out of non-recurring county funds. Although no funds were set aside in the 1953-54 budget as a cash balance to be carried over for the purpose of paying the cost of operating the school system from July 1 (the beginning of the next fiscal year) until new revenue from tax receipts become available (which is authorized by Section 237.09(1), Fla.Stat. 1955, F.S.A.), since none were foreseeably available at that time, as it turned out there was an unexpended cash balance of $225,097 at the end of the 1953-54 fiscal year which, as stated in the decree, “could have been exhausted during that year for paying increased teacher salaries, provided their salary schedule had been modified to authorize larger payments.” The trial judge found, however, that because of the many uncertainties and variables, both of income and outgo, with which the Board is faced during any school year, it is required to pro *379 vide for some margin of safety—which, in this case, was only a negligible portion of the total budget of $11,578,000—and that the Board “stayed well within legal and fiscal bounds in conserving the year-end balances for carry-over into the next year.” He also found that the defendant board members acted in entire good faith “in keeping with their recognized public duty and obligation, and in the proper discharge of the discretion necessarily vested in them.” He concluded that they had complied substantially with such conditions as were necessary to entitle them to participate in the 1953 provisory appropriation here in question and entered a decree in their favor.
We find no error in the decree appealed from. As shown by the record, the defendants were faced with the necessity of providing instructional personnel and school plant facilities for an additional enrollment of 4,885 children for the 1953-54 school year and meeting increased costs of ordinary and routine operation and maintenance of the school system. For all practical purposes, they have reached and 10-mill limit on the county school tax set by Section 8 of Article 12 of our Constitution, F.S.A., only a small fraction of a mill remaining available, so that there was no county source to draw upon to meet the plaintiffs’ demands. By providing the barest minimum for routine operation and maintenance, they were able to maintain their salary schedule for instructional personnel at the 1952-53 level using all available county, state and federal funds. The defendants did all that they could, and we do not see how they could be required to do more. The decision of the trial judge that, in these circumstances, the defendants had substantially complied with the conditions necessary to entitle them to participate in the 1953 provisory appropriation was eminently justified and, in fact, required by the decision of this court in Harwell v. Sheffield, supra, which is the law of this case.
Accordingly, the decree appealed from should be and it is hereby affirmed under the authority of Harwell v. Sheffield, supra, 77 So.2d 439.
The question posed by the Budget Commission has been considered but no reversible error has been found.
Affirmed.
ROBERTS, DREW and SEBRING, JJ., and WALKER, Circuit Judge, concur.
TERRELL, C. J., and THORNAL and O’CONNELL, JJ., dissent.