281 So.2d 481 (1973)
SCHOOL BOARD OF BROWARD COUNTY, Florida and Pacific Indemnity Insurance Company, Petitioners,
v.
Gilbert E. SURETTE et al., Respondents.
No. 43785.
Supreme Court of Florida.
July 31, 1973.
Rehearing Denied September 13, 1973.
William S. Gardella, Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, for petitioners.
Alan R. Schwartz, Horton, Schwartz & Perse, Miami, and Sepler & Sussman, Hialeah, for respondents.
Mark Hicks, Blackwell, Walker & Gray, and James A. Smith, Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, as amicus curiae.
McCAIN, Justice.
This cause emerges before us as an interlocutory appeal from the Circuit Court of Broward County. Originally, it was filed in the Fourth District Court of Appeal and denominated a "petition for common law certiorari". Because the trial court passed upon the constitutionality of a state statute, the cause was properly transferred here. We have jurisdiction pursuant to Fla. Const., Art. V, § 3(b)(1), FSA.
On April 15, 1971, the Surettes' minor daughter was killed in an accident at a school bus stop. The Surettes thereupon brought suit for wrongful death against 1) Joan M. Galiardo, operator of the vehicle which struck the child; 2) Liberty Mutual Insurance Company, Joan Galiardo's insurer; *482 3) the City of Hollywood alleging negligence in maintaining the school bus stop; 4) the Broward County School Board (alleging negligence in routing the school bus, and in placing and marking the school bus stop improperly and in failing to provide a safe place for the deceased to wait for the bus); 5) Pacific Indemnity Insurance Company, the School Board's primary insurer; and 6) Employers Reinsurance Corporation, an excess insurer for the School Board.
Prior to trial, Pacific Indemnity moved for severance pursuant to Fla. Stat. § 455.06(2), F.S.A. The trial court denied the motion and Pacific Indemnity filed its petition for common law certiorari to the Fourth District Court of Appeal. That court, being unclear as to whether the trial court passed on the constitutionality of Fla. Stat. § 455.06(2), F.S.A., returned the case to the trial judge for clarification, who thereupon stated:
"[T]his Court finds that the specific provisions set forth below of Florida Statutes 455.06, Sub-Paragraph 2, be and the same are hereby found to be void and unconstitutional as contrary to the provision of Article 5, Section 2(a) of the Florida Constitution which provides that the Supreme Court of Florida shall adopt rules and procedures for all Courts...."
Accordingly, the District Court, 277 So.2d 604, transferred the cause here.
Fla. Stat. § 455.06(1), F.S.A., authorizes school boards and other local governmental units to secure and provide liability insurance for damages on account of bodily or personal injury or death resulting to the public from the negligence of its agents and employees. Fla. Stat. § 455.06(2), F.S.A. provides for automatic waiver of governmental immunity to the extent of such coverage and further provides:
"... provided, however, no attempt shall be made in the trial of any action against a political subdivision to suggest the existence of any insurance which covers the whole or in part any judgment or award which may be rendered in favor of the plaintiff... ."
It was under this quoted portion of the statute that Pacific Indemnity moved for severance and it was this quoted portion of the statute which the trial court held to be unconstitutional.
Pursuant to Art. V, § 3, Florida Constitution,[1] this Court has promulgated Florida Rule of Civil Procedure 1.210(a),[2] and 1.270(b),[3] 30 F.S.A. Under Rule 1.210(a), as interpreted in Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), a plaintiff who brings an action for damages for negligent operation of an automobile has a *483 direct cause of action, as a third party beneficiary, against the defendant's insurance company and may join the insurer as a party defendant.
In Beta Eta House Corp. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970), we held that our decision in Shingleton was applicable, not only to automobile liability insurance, but also to other forms of liability insurance. Also in Beta Eta, we held that a trial court may, on motion of either party, order separate trials pursuant to Florida Rule of Civil Procedure 1.270(b), in those cases where the insurer is joined, and we enumerated several instances when it would be proper to do so  none of which are applicable here.
Finally, in Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971), we stated:
"There is good reason for this adaptation of Civil Procedure Rule 1.270(b) in Beta Eta. There are some instances where there is a question of coverage when a severance would be quite proper to try those issues separately, and the severance would be under this rule, as there pointed out. However, the remainder of that opinion holds, and we hereby reaffirm, that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted." 253 So.2d at 424.
Pacific Indemnity argues that the contrary portion of Fla. Stat. § 455.06(2), quoted above, applies where a political subdivision and/or a District School Board is involved. This position, however, is incorrect, for under our Constitution this section of the statute, as the trial judge properly concluded, cannot stand in light of Florida Rule of Civil Procedure 1.210(a) and 1.270(b). Under Art. V, § 3, Florida Constitution, it is provided:
"The practice and procedure in all courts shall be governed by rules adopted by the supreme court."
Where rules and construing opinions have been promulgated by this Court relating to the practice and procedure of all courts and a statutory provision provides a contrary practice or procedure, as in this case, the statute must fall. See, e.g., Biro v. Geiser, 199 So.2d 461 (Fla. 1967). This portion of Fla. Stat. § 455.06(2), which provides for the severance of a political body's insurer relates to joinder and severance, truly a procedural matter, and is therefore superseded and rendered ineffective as hereinabove set forth.
Truly, the mechanics of judicial proceedings are complex, but, notwithstanding, the main underpinning is to establish that which is impartial and uniform. Symmetry can be achieved only with logic and reason through symmetrical standards, inapposite to any kaleidoscope approach. The acknowledgment of rules and degrees and the appreciation of fairness and equality are hypothesis which must balance. A paradise of absolute perfection may never be found, but having weighed this case we fail to find any convulsive or collapsive result.
Accordingly, no other issues requiring separate treatment appearing to exist, the trial court was correct in holding that the portion of Fla. Stat. § 455.06(2), F.S.A. quoted above is unconstitutional and in denying severance of Pacific Indemnity. Affirmed.
It is so ordered.
CARLTON, C.J. and ROBERTS, ERVIN, ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] The revised Art. V, effective January 1, 1973, contains a similar provision in Art. V, § 2(a).
[2] Rule 1.210(a), R.C.P., provides:

"... Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and when any one refuses to join, he may for such reason be made a defendant."
[3] Rule 1.270(b), R.C.P., provides:

"... The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues."