### SOLOMON, et al v. MEMORIAL HOSPITAL, et al.
Medical Liability Mediation Claim No. 75-15.
Circuit Court, Broward County.
December 2, 1975.

Paul J. Culp, Boynton Beach, for the plaintiff.

William D. Thompson, Fort Lauderdale, for the defendant Memorial Hospital.

Howard E. Barwick, Miami, for the defendant Pediatrics Associates.

JAMES F. MINNET, Circuit Judge.

This cause came on to be heard this 2nd day of December, 1975, and the court on its own motion enters an order of dismissal.

The court finds that Florida Statute 768.133, created by §5 of Chapter 75.9 of the Laws of Florida (1975), is unconstitutional under both the Florida and United States constitutions.

The court further finds that the mediation provisions of §5 deny plaintiff due process and the equal protection of the laws under both the Florida and United States constitutions by making it mandatory for a plaintiff to first submit his claim to mediation before filing a suit at law while the defendant is allowed the option of submitting his defense to mediation. The Supreme Court's rules, promulgated pursuant to the Act, require the claimant to set forth the nature of the claim and the defendants against whom it is asserted. Within 20 days the defendants against whom the claim is asserted may file an answer to the claim. Fla. Statute §768.133(2). If no answer is filed within the 20 days, the jurisdiction of the mediation panel terminates and the plaintiff is free to file his claim in circuit court. Fla. Statute §768.133(2). Since there is no provision for a default in favor of the plaintiff, this indicates that the defendant is free to elect whether to mediate a particular claim. This is clearly a violation of plaintiff's right to due process and the equal protection of the laws under both the Florida and United States constitutions. Aricles 1, 2 and 9 of the Florida Constitution are clearly violated as well as Amendments 5 and 14 of the United States Constitution.

The court further finds that the requirement that the trial on the merits shall be conducted without reference to insurance, insurance coverage or joinder of the insurer is clearly violative of the constitutional mandate of Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), thereby depriving the plaintiff of the equal protection of the laws while such right is permitted to other plaintiffs in civil suits based on the negligence of others. Article 5, §2 of the Florida Constitution provides that the practice and procedure in all courts shall be governed by rules adopted by the Supreme Court. In School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973), the Supreme Court held that this provision precluded the legislature from limiting the mandate of Shingleton v. Bussey — i.e., allowing the real party in interest, the insurer, to be joined and mentioned at trial.

The court further finds that §5 denies plaintiff due process and the equal protection of the laws under the 5th and 14th Amendments to the United States Constitution, since that section singles out a special class, physicians, and provides relief for that class only, promulgating special class legislation designed solely for the benefit of defendant physicians in suits for their malpractice based on their negligence.

The court further finds that the statute violates the provisions of Article 5, §§2 and 13 of the Florida Constitution in that the legislature in passing the statute infringed on the constitutional right of the Supreme Court to regulate practice and procedure in the courts of Florida, and that the statute requires a circuit judge to devote a part of his full time as a judicial referee on the mediation panel created by the statute.

The court lastly finds that §5 restrains plaintiff from timely access to the courts in violation of Article 1, §21, of the Florida Constitution.

It is therefore ordered that the parties are free to transfer this to the civil division as a negligence action and the clerk is ordered to assign this case to the undersigned for appropriate proceedings, and the plaintiff may file an amended claim within forty days.