348 So.2d 301 (1977)
The SCHOOL BOARD OF BROWARD COUNTY, Florida and Pacific Indemnity Insurance Company, Appellants,
v.
Gilbert E. SURETTE et al., and Arthur Galiardo, Jr., et al., Appellees.
No. 50283.
Supreme Court of Florida.
May 12, 1977.
Rehearing Denied July 28, 1977.
*302 William S. Gardella, Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellants.
Edward A. Perse, Horton, Perse & Ginsberg, Miami, and Robert Sussman, Hialeah, for appellees.
Robert L. Shevin, Atty. Gen., and Thomas A. Beenck, Asst. Atty. Gen., for intervenor.
PER CURIAM.
This marks the third appearance of this cause in this Court. School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973); School Board of Broward County v. Surette, 339 So.2d 194 (Fla. 1976). The occasion for its most recent visit stems from an order entered by the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida, ruling upon a motion by the appellants to suppress and to sever. By their motion appellants urged that the appellant insurance carrier named in the third amended complaint be severed from the trial "and/or" any mention of insurance to the jury be suppressed. Appellants contended that such result is compelled by the provisos contained in Sections 234.03(4) and 455.06(2), Florida Statutes (1975). Section 234.03(4) states:
... Provided, however, no attempt shall be made in the trial of any action against a school board to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff... .
Section 455.06(2) reads:
... provided, however, no attempt shall be made in the trial of any action against a political subdivision to suggest the existence of any insurance which covers the whole or in part any judgment or award which may be rendered in favor of the plaintiff... .
Appellants essentially contended that our decision in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), required or at least authorized the suppression and severance sought.
In his order ruling upon the motion, the trial judge determined (i) that the decision in School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973), established the law of the case; (ii) that "the provisions of Florida Statutes 455.06(1) [sic] and 234.03(4) are unconstitutional and hereby to be void as contrary to the Florida Constitution Article 5, Section 2(a);" and (iii) that our decision in Carter v. Sparkman, supra, is not controlling in the instant case. As a result of the trial court's ruling on the constitutionality of the statutes involved; notice of appeal was filed in this Court. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, and review this matter by certiorari. We dispense with oral argument pursuant to Florida Appellate Rule 3.10e.
Subsequent to filing the notice of appeal, The Honorable Robert L. Shevin, as Attorney General of Florida, moved to intervene, which motion was granted. Additionally, appellees have filed their motion to quash and/or dismiss and request for attorneys' fees to which appellants have addressed a motion to dismiss and deny. We hereby *303 deny the motions filed by the appellees and the appellants.
Although jurisdiction vests in this Court by virtue of the trial court's ruling upon the constitutionality of the indicated sections of the Florida Statutes, we do not deem it necessary or appropriate to reach the constitutional issue presented. This is so because the trial court was eminently correct in determining that our decision in School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973), established the law of the case in this cause which is unaffected by our decision in Carter v. Sparkman, supra. See Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976); Harwell v. Sheffield, 112 So.2d 377 (Fla. 1959); 2 Fla. Jur. Appeals § 398 (1963).
Accordingly, certiorari is granted and the order of the trial court is approved.
It is so ordered.
OVERTON, C.J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
ENGLAND, J., concurs with an opinion.
ENGLAND, Justice, concurring.
The brief filed by appellants' counsel contains this statement:
"It is quite candidly admitted by the writers of this brief that the Court is asked to recede from its holding in the case of the School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973) ..."
As counsel well knows, the cited case is this case and the trial court was bound to follow our decision, as the law of the case, in ruling on appellants' second attempt to obtain the very severance which we had previously denied them.
The appeal now before us is either frivolous or intended to achieve delay. Both are a basis for dismissal. Florida Appellate Rule 3.9(b). I would grant appellees' motion to quash this appeal. State Farm Mutual Auto. Ins. Co. v. Lee, 171 So.2d 899 (Fla. 1st DCA 1965).[1]
NOTES
[1] In large part the fabric of appellants' briefs here are woven from the trial court's obvious typographical error in referring to subsection "455.06(1)" rather than subsection "455.06(2)". Appellants were in no wise misled, however. It was their motion which prompted the ruling, and they had quite clearly sought only an invalidation of subsection 455.06(2) on the ground that we "overruled" the first Surette decision (which dealt only with subsection 455.06(2)) in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). These arguments as to the unconstitutionality of subsection 455.06(1) constitute, at best, an insensitivity to counsel's obligation to the courts. See Seaboard Air Line R.R. v. Hawes, 269 So.2d 392, 394 (Fla. 4th DCA 1972).