CARROLL, Associate Judge
(dissenting).
I respectfully dissent, and would grant certiorari.
At the initial hearing, when faced with evidence sufficient to establish commission of the traffic infraction for which she was cited and thereby charged, consisting of the report of the accident and the testimony of the investigating officer from his report, the defendant gambled (successfully as it turned out) on ultimately “beating the rap” by presenting no evidence and relying on objection to admission of the report and contending a determination of commission of the infraction could not be made on such evidence alone, without further testimony. The hearing officer or judge who heard the matter made a determination of commission of the infraction, and the defendant appealed.
The circuit court, on hearing the appeal reversed the determination, holding that Fla.R.Traf.Ct. 6.460, which provides that admissible evidence shall include but not be limited to accident reports at such hearings, was invalid “as contrary to F.S. § 316.-066(4)”, and ordered that the defendant be discharged. The circuit court’s reversal was not based on any holding as to the sufficiency of the evidence portrayed by the report.
On the State’s petition for review thereof by certiorari, this court, in denying certiora-ri, did not rule on the correctness or incorrectness of the ground upon which the circuit court reversed, but upheld the circuit court on the ground that the evidence supplied by the report, which showed commission of the violation, together with the investigating officer’s testimony which was no more than was revealed by the report, was not capable of establishing a prima facie case, concluding the information in the report involved hearsay, being based on statements to the investigating officer by witnesses to the accident. The report shows on its face that there were no witnesses to the accident other than the two drivers.
But if there had been witnesses, the physical evidence was such that the investigating officer could have made the said report showing commission of the infraction, aside from information of any witnesses, except for statements of the parties as to their speed, and the statement which appeared to have been made by the other party that he tried to stop. Even as to the latter, there was physical evidence from the tire marks and positions of the cars after the accident from which the officer could have so concluded.
The citation issued to the defendant checked the boxes reading “careless driving” and “violation of right of way” and added “from stop sign” and “accident”. The report of the investigating officer included an intersection chart on which were indicated the directions of travel, the location of the point of impact, the places of *794 contact of the cars and the positions at which the cars came to rest after the collision. Thereby it was shown that the accident occurred in the intersection of University Drive with Riviera Drive in Coral Gables; that the other car was proceeding east on University Drive, a through street; that the defendant’s car was proceeding north on Riviera Drive, on which traffic entering the intersection there was controlled by a stop sign; that the collision occurred in the intersection in the lane in which the other car was traveling, with the right front of the other car coming into contact with the forward part of the left side of the defendant’s car; that behind the other car there were certain tire marks and that the position of the other car, after the accident, was in its driving lane, angled slightly to the left, and that it had remained at the point of impact; that the defendant’s car, after impact, had proceeded across the intersection and had come to rest just beyond the intersection on the right side curb. Those positions of the cars, with the determinable point of impact, were sufficient to prompt the report that the defendant’s car had pulled out into the intersection into the path of the other vehicle which was approaching the intersection on the through street.
In the Rules of Practice and Procedure for Traffic Courts promulgated by the Supreme Court, Rule 6.460 provides as follows:
“The Rules of evidence applicable in all hearings of traffic infractions shall be the same as in civil cases and shall be liberally construed by the official hearing the case. Evidence admissible shall include but not be limited to accident reports”.
Section 316.066 Fla.Stat. (1975) by subsection (1) requires written reports of accidents resulting in bodily injury or death of a person or total damage to property to an apparent extent of $100 or more. Subsection (4) thereof, among other things, provides that no such report “shall be used as evidence in any trial, civil or criminal, arising out of an accident” (with an exception noted there).
First, regarding the effect of the apparent conflict in the statute and the rule, there is no conflict in the cases of traffic infraction hearings not involving an accident, or in those which involve accidents that are not of the kind for which the statute required a written report. In addition, there is no conflict in any case because the use of such reports as evidence which the statute precludes is in the trial of civil or criminal actions arising out of the accident. The hearing in this case was not a criminal action, nor was it a civil action arising out of the accident. The above quoted rule so recognizes, where it states that in all hearings on traffic infractions, the rules of evidence applicable “shall be the same as in civil cases”.
Moreover, if the rule and the statutory provision relating to use of a report as evidence were in conflict, the rule would prevail. See Section 25.371 Fla.Stat. (1975); School Board of Broward County v. Surette, 281 So.2d 481, 483 (Fla.1973); Bernhardt v. State, 288 So.2d 490, 496-497 (Fla.1974); Johnson v. State, 308 So.2d 127, 129 (Fla. 4th DCA, 1975). Both the rule and the above mentioned statutory provision announce a rule of practice and procedure, rather than one of substantive law. They do not create or confer rights or obligations to be enforced by litigation, but deal with the manner of the handling of litigation, and as such are rules of practice or procedure. See Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975); In Re: Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla.1973); In Re: Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla.1973); Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla. 1st DCA, 1966).
That brings up consideration of the legal and evidentiary effect which shall be given to an accident report which is filed in evidence in a hearing on a traffic infraction. The circuit court held the report could not be used as evidence in the case. Here the majority treats the report as being admissible as evidence on the traffic infraction hearing, but holds that the evidence which the report supplies, though otherwise suffi- *795 dent, is not capable of showing a prima facie case (because it is based on an after the fact investigation and involves hearsay) unless in addition thereto there is evidence in the form of testimony of a party or parties or witnesses if any. With that view I am unable to agree.
The fact that the rule contained a provision that the evidence admissible should not be limited to the accident report, should not be construed to mean that the evidence supplied by the accident report, if sufficient to make a prima facie case, would not be so considered unless other evidence also was produced. To so interpret the rule, would result in defeating the main and underlying purpose of Chapter 318 Fla.Stat. (1975) relating to Disposition of Traffic Infractions. In Section 318.12 thereof it was stated that the legislative intent in adopting the chapter was to decriminalize certain traffic violations, “thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic infractions”.
In my opinion certiorari should have been granted, quashing the judgment of reversal entered by the circuit court, vacating the order for discharge, and reinstating the determination of commission of the traffic infraction.