362 So.2d 1337 (1978)
The SCHOOL BOARD OF BROWARD COUNTY, Florida, et al., Appellants,
v.
Michelle Rae PRICE, Etc., et al., Appellees.
No. 51813.
Supreme Court of Florida.
September 21, 1978.
William S. Gardella of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellants.
Craig D. Savage of Mamber, Gopman, Epstein & Foosaner, North Miami Beach, for appellees.
Robert L. Shevin, Atty. Gen., and Thomas A. Beenck, Asst. Atty. Gen., Tallahassee, for intervenor.
BOYD, Justice.
This is an appeal from a decision of a District Court of Appeal, Price v. School Board of Broward County, 342 So.2d 1039 (Fla. 4th DCA 1977). The court, for the first time in the cause, passed directly on the validity of a state statute, giving us jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Michelle Price, a minor, and her mother brought suit against the School Board of Broward County and its insurance carrier, Unigard Mutual Life Insurance Company. The complaint alleged that the child, a student at a County elementary school, was injured on the school grounds when she fell on a drainage pipe negligently maintained by the school. The complaint was amended to bring the child's father into the suit as a plaintiff. The amended complaint continued direction of the action against both the County and its insurer. The attorney representing dually the County and the insurer moved pursuant to the Florida Rules of Civil Procedure to sever the insurer from the suit on the authority of Section 230.23(9)(d)(2), *1338 Florida Statutes. That section of the statutes partially waives the immunity from liability damages to which school boards are entitled by virtue of their status as political subdivisions of the State. The immunity is waived to the extent of the liability insurance carried by the school board. And, in consideration of the premium received under the insurance contract the insurer loses any claim it might have to the benefit of the school board's enjoyment of sovereign immunity. The section contains a proviso clause, "no attempt shall be made in the trial of any action against a school board to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff... ." The motion to sever was based on the proviso.
Following a hearing, Circuit Judge Minnet granted the motion to sever. He ordered that the insurer be severed "from the trial of this cause," that no mention of insurance coverage be made by the plaintiffs to the jury, that the allegations in the complaint pertaining to insurance be stricken and that the plaintiffs be given twenty days to amend the complaint. The plaintiffs petitioned this Court for certiorari in hopes that the statute might be declared unconstitutional and the order reversed. The Court, for lack of a challenge to the validity of the statute in the record, transferred the cause to the District Court of Appeal where it was entertained as a petition for common law certiorari. The District Court denied certiorari without prejudice to the petitioners' right to raise the constitutional issue on appeal from a final judgment. Price v. Unigard Mutual Insurance Co., 312 So.2d 482 (Fla. 4th DCA 1975). On remand to the Circuit Court the plaintiffs were ordered to amend their complaint in compliance with the court's first order. The complaint was amended to drop the insurer as a named defendant in the style of the case and to delete any reference to the insurer or the insurance coverage.
The cause proceeded to trial. For all that appears in the pleadings and the court orders in the record the suit was against the school board, alone. The posture of the suit, therefore, was in conformance with the court order that the insurer be severed from trial. At the conclusion of the jury trial a verdict was returned for the school board. Final judgment in accord was ordered.
On appeal to the Fourth District Court the Prices renewed the claim, one made in the appellate proceedings on the interlocutory order but never passed on directly by a court, that the portion of Section 230.23(9)(d)(2), Florida Statutes, which prohibits the mention of insurance coverage in suits against a school board is invalid. Their argument was that the statute was a legislative invasion on this Court's constitutional power under Article V, Section 2(a), Florida Constitution, to make rules for the practice and procedure in all State courts. The Court, following the thinking in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), agreed that the statute, for the reason advanced, was unconstitutional. The Prices attacked, also, the order severing the insurance company, arguing it was error under case law. The Court agreed with this argument, too, on the authority of Godshall v. Unigard Insurance Co., 281 So.2d 499 (Fla. 1973). There this Court held that it is harmful error for a trial court to sever an insurance company from a cause unless there is a justiciable issue relating to insurance which should be decided in a separate proceeding. And, the Court opinion recited that plaintiffs are entitled to present to juries the full picture of defendant's financial responsibility, which would include insurance coverage. Based on the decision that severances and prohibitions of mentioning insurance coverage to juries are harmful, and with the declaration that the statute, on which the trial judge had predicated his "severance" and "prohibition" order, was unconstitutional, the Court vacated the final judgment and remanded the case for a new trial. This appeal followed.
Preliminary, we note that severance of the insurer was not required by the statute. In relation to the insurer, all the *1339 statute requires is that no attempt be made to suggest to the jury the existence of insurance which would cover, in whole or in part, a judgment against the School Board. As will be seen from the full opinion the error was not harmful. And we observe further that after this trial a statute was enacted which requires severance of liability insurers in actions to determine the liability of the insured. See Section 768.045, Florida Statutes (1977).
Section 230.23(9)(d)(2) was declared unconstitutional by the Fourth District Court of Appeal because the court sees it as a legislative incursion on Supreme Court power under the Constitution to make rules governing the practice and procedure in all courts of this State. The Broward County School Board and the Unigard Mutual Life Insurance Company challenge the decision because they view the statute, not as laying down a procedural rule, but, rather, as setting the limits of a substantive right given to injured parties by the Legislature through its power under the Constitution to provide by general law for bringing of suits against the State. The issue boils down to whether the prohibition against the mention of insurance coverage is procedural, and therefore within this Court's domain, or a part of a substantive right, properly with in a legislative waiver of sovereign immunity. The answer lies within the statute.
Less than two years ago, we stated that "`[r]eferences' to insurance or insurers during the course of trial is a purely procedural matter having to do with the conduct of trial proceedings." Carter v. Sparkman, 335 So.2d 802, at 806 (Fla. 1976). In Sparkman the Legislature, by statute, forbade the mention of insurance coverage or reference to joinder of insurers in civil suits based on medical malpractice. We held that the statute was an act beyond the power of the Legislature in light of this Court's power of rule-making. But in view of the wisdom of the statute we adopted it as a Rule of Procedure. In contrast to this case, however, that statute was part of an enactment, under the Legislature's police power, to meet a public health crisis in Florida. The prohibition of insurance reference at trial, although undoubtedly designed to reduce the crisis, was clearly not part of any substantive right.
The plain wording of the statute challenged here shows that the prohibition sets the bounds of a substantive right, the right to sue a school board enjoying sovereign immunity, for liability damages. The statute waives sovereign immunity for school boards, which is within the constitutional power of the Legislature under Article X, Section 13, Florida Constitution. But it does so only, "Provided ... no attempt shall be made in the trial of any action against a school board to suggest the existence of any insurance... ." The waiver, then, is effective only if insurance coverage is not suggested to the jury. The statute's proviso sets the bounds of the substantive right to sue a political subdivision of the State. And it conditions the waiver. Thus, the proviso is substantive, in that it delineates a substantive right.
We do not ignore our statement in Sparkman. The prohibition of the statute is surely procedural, just as it is substantive. But, given the Legislature's power to enact the prohibition as a condition to waiving sovereign immunity and, in order to honor the separation of powers in this State's constitutional scheme, we will not strike it from the general law. The proviso is constitutional.
Our holding demands that we recede from School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973). There the Court considered the constitutionality of a proviso substantially identical to the one considered here. The proviso appeared in subsection (2) of Section 455.06, Florida Statutes (1973), a statute which partially waived, in motor vehicle liability suits, sovereign immunity enjoyed by certain political subdivisions, among them county and district school boards. The proviso, just as the one here, conditioned the waiver on a prohibition of attempts to suggest insurance coverage. The Court struck the proviso because it intruded on Supreme Court rule-making power granted by the Constitution. In fairness to the Surette Court it *1340 does not appear from the face of the opinion that the Legislature's constitutional authority to waive sovereign immunity and its implicit power to condition the waiver were advanced before the Court in defense of the statute. But the basic issue being identical to the one in this case and the results achieved diametrically opposed, we must recede from Surette. Recently, we were asked to adopt the statute stricken in Surette as a Court rule pursuant to the Sparkman procedure when Surette came before us for a second time. As forceful as the argument was, however, we were constrained by "the law of the case" to reaffirm our first holding. School Board of Broward County v. Surette, 348 So.2d 301 (Fla. 1977). In view of today's decision the Surette holding is confined to the Surette case and is no longer controlling law.
The trial in this case proceeded without constitutional error. And, although the severance was error, no one was hurt by it in light of the verdict for the school board. The jury was not unaware of anything the plaintiff was entitled to reveal to it. The severance was harmless.
The decision of the District Court is reversed and the cause is remanded with instructions to reinstate the final judgment.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.