439 So.2d 986 (1983)
Joann RANDEL, Appellant,
v.
GENERAL INSURANCE COMPANY, Appellee.
No. 83-383.
District Court of Appeal of Florida, Third District.
October 25, 1983.
*987 Anthony J. Scremin, Miami, and Richard G. Bartmon, North Miami, for appellant.
Thompson & Clark and Robert H. Schwartz, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
In May 1982, Randel sued Mary Washington and General Insurance Company, Washington's liability insurer, for damages allegedly arising out of an automobile accident occurring in 1980. On October 1, 1982, Section 627.7262, Florida Statutes (Supp. 1982), enacted earlier that year, went into effect. This statute provides:
"627.7262 Nonjoinder of insurers. 
"(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
"(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
"(3) Insurers are affirmatively granted the substantive right to insert in liability insurance policies contractual provisions that preclude persons who are not designated as insureds in such policies from bringing suit against such insurers prior to first obtaining a judgment against one who is an insured under such policy for a cause of action which is covered by such policy. The contractual provisions authorized in this subsection shall be fully enforceable."
Invoking the statute, General Insurance contended that its joinder as a co-defendant was impermissible and moved to be stricken from the suit. Randel countered that the statute is an unconstitutional impingement on the rule-making powers of the Supreme Court of Florida in contravention of Article II, Section 3, Florida Constitution,[1] but even if not, it is unconstitutional if applied to a cause of action such as hers, which accrued before the statute's effective date. The trial court rejected Randel's arguments and struck General Insurance as a defendant. Randel appeals.
On the authority of Vanbibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983), we affirm the order of the trial court insofar as it holds the statute constitutional, but reverse such order insofar as it applies the statute to the present case. The cause is remanded for further proceedings in which General Insurance Company may be joined as a defendant.
Affirmed in part; reversed in part and remanded.
NOTES
[1] Article II, Section 3, provides:

"The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."