PER CURIAM.
Appellant appeals the trial court’s order dismissing as party defendants, appellees Cincinnati Insurance Company and Queen City Indemnity Company. The trial court’s order of dismissal was based on the non-joinder statute, section 627.7262, Florida Statutes (Supp.1982). Appellant also appeals the final judgment entered on a jury verdict finding for the appellant in the amount of $110,000. We reverse both the order of dismissal and the final judgment.
Section 627.7262 became effective October 1,1982. The accident out of which appellant’s cause of action accrued occurred on September 28, 1981, and appellant’s cause of action was filed prior to the effective date of the statute. VanBibber v. Hartford Accident & Indemnity Insurance Company, 439 So.2d 880 (Fla.1983), holds section 627.7262 to be constitutional and not applicable to causes of action predicated on events occurring prior to the effective date of the statute. This court in Harris v. General Accident, Fire & Life Assurance Corp., Ltd., 442 So.2d 294 (Fla. 2d DCA 1983), applied VanBibber to re *312 verse the trial court’s dismissal of the ap-pellee insurance company as a party defendant. We are required by VanBibber and Harris to do likewise.
Appellant also raises as error the failure of the trial court to give one of appellant’s requested instructions. The subject of the requested instruction was adequately covered by the court’s general instructions, and the refusal to give appellant’s requested instruction was not error.
Reversed and remanded for a new trial.
HOBSON, A.C.J., and SCHEB and CAMPBELL, JJ., concur.