PER CURIAM.
All parties in this appeal have stipulated that this Court’s decision is to be governed by the holdings of the Vanbibber case, decided by the Florida Supreme Court subsequent to the filing of this appeal. Vanbibber v. Publix Supermarket, Inc. and Hartford Casualty Insurance Co., 439 So.2d 880 (Fla.1983).
In Vanbibber, the Florida Supreme Court found section 627.7262, Florida Statutes, to be constitutional but applicable only prospectively. See also, Randel v. General Insurance Company, 439 So.2d 986 (Fla. 3d DCA 1983). Because the incident in this cause occurred prior to the effective date of Section 627.7262 (October 1, 1982), prior state law controlled the suit. This prior state law authorized, simultaneously, a suit in tort against a tort-feasor and a claim against that tort-feasor’s insurance company. Shingleton v. Bussy, 223 So.2d 713 (Fla.1969).
Because the incident in the present case occurred prior to the effective date of the statute, a simultaneous suit against both the corporate defendants and their insur-anee carriers must be permitted.
REVERSED and REMANDED.
SMITH, WENTWORTH and JOANOS, JJ., concur.