SCHWARTZ, Chief Judge.
Since the insured of the appellee carrier INA was sued on a claim for which the policy provided liability coverage,[1] we conclude that the plaintiff was a third-party beneficiary of that portion of the policy and that INA was properly joined as a party defendant under the thus-controlling authority of Shingleton v. Bussey, 223 So.2d 713 (Fla.1969) and Beta Eta House Corp., Inc. v. Gregory, 237 So.2d 163 (Fla.1970).[2] On the other hand, while American Empire Ins. Co. of South Dakota v. Fidelity and Deposit Co. of Maryland, 408 F.2d 72 (5th Cir.1969), cert. denied, 396 U.S. 818, 90 S.Ct. 55, 24 L.Ed.2d 69 (1969) and Everhart v. Drake Management, Inc., 627 F.2d 686 (5th Cir.1980), upon which INA relies for a contrary result, involve policies, denominated broker’s blanket bonds, which are generally similar to the one before us, both were exclusively in the nature of fidelity bonds which protected only the insured against its own direct losses. Neither contained a provision such as the one we deem decisive here, inuring to the benefit of a third-party claimant like the present plaintiff. For these reasons, the order below dismissing INA as a party defendant is
Reversed.

. (E) Loss sustained by the Insured, including loss sustained by reason of liability imposed on the Insured by law ... through having ... purchased or otherwise acquired, accepted or received ... securities ... on which the signature of any person signing ... proves to have been forged, [e.s.]

. Because the cause of action accrued before October 1, 1982, Sec. 627.7262, Fla.Stat. (Supp. 1982) is inapplicable. VanBibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla.1983); Randel v. General Ins. Co., 439 So.2d 986 (Fla. 3d DCA 1983).