GREEN, OLIVER L„ Jr., Associate Judge.
This is an appeal from a Final Judgment and an Order Taxing Costs in favor of *863 Appellee, Aaron L. Sheffer, defendant below, in a personal injury action arising out of an automobile accident. We reverse for a new trial with directions.
The accident giving rise to this action occurred on February 25, 1981. The appellant, plaintiff below, was, for the period material to this lawsuit, entitled to join the appellee defendant’s insurer, Liberty Mutual Insurance Company, as a party.
Appellee acknowledges that it was error for the trial judge to drop the insurer, Liberty Mutual Insurance Company, as a party; however, it is contended that this ruling is harmless error. Appellee contends that the jury was made aware that the appellee was insured. We have reviewed the record and while it is true this information seeped into the trial by innuendo, the insurer’s legal standing with reference to the trial was never made clear to the jury, and the fact of the insurer not being a party was reflected by omission on the verdict form.
Appellee contends that none of the case authorities on this point resulted in reversal of a Final Judgment rendered after dismissal of the insurance carrier as a party. ’ We find this result to be happenstance. It was appellant’s right to join the insurer as a party and we do not know how one would articulate prejudice under the circumstances of this case. Van Bibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla.1983); Carlson v. Kent Ins. Co., 445 So.2d 677 (Fla. 4th DCA 1984); City of Miami v. United States Fidelity & Guaranty, 444 So.2d 571 (Fla. 3d DCA 1984).
Error was also committed in the course of the trial when the trial judge directed a verdict for appellee on the issue of damages relating to appellant’s alleged lumbar injury and sciatic pain. A review of the record shows there is competent medical evidence that the appellant sustained lumbar injuries as a result of the subject accident, which may have aggravated a pre-existing condition. This evidence was presented through the testimony of two medical doctors, one of whom testified that the plaintiff had a 5% physical impairment or disability due to her “chronic servi-eal [sic] and lumbar strain syndrome ....”
There is also evidence upon which the jury could conclude that the appellant’s low back condition resulted entirely from a preexisting injury. In any event, the appellant was entitled to have the disputed issue resolved by the jury.
We have considered the remaining points raised by the appellant and determine that it is not necessary to rule thereon inasmuch as this case is being returned for a new trial. The order awarding costs in favor of the appellee is likewise reversed. The issue of costs may be a matter for consideration by the trial judge upon conclusion of the new trial.
REVERSED AND REMANDED WITH DIRECTIONS.
WALDEN and BARKETT, JJ., concur.