SHARP, Judge.
The constitutionality of section 46.051, Florida Statutes (1983), is at issue in this case. The statute provides, in relevant part, “No products liability insurer shall be joined as a party defendant in an action to determine the insured’s liability.” [1] Pursu *414 ant to section 46.051, the trial court struck as a party defendant in this case the insurer of one of the defendants, Lodal, Inc. Because we find section 46.051 is unconstitutional as violative of Article II, section 3 of the Florida Constitution,[2] the striking of the insurer was erroneous, and therefore we reverse for a new trial.
This wrongful death action arose on July 1,1982, when Spencer Park Lane died from injuries he sustained in a collision with a garbage truck. His personal representative brought suit against the City of Winter Park (the truck’s owner), Lodal, Inc. (the truck’s manufacturer), and Centaur Insurance Company (Lodal’s insurer). Over the plaintiff’s constitutional challenge of the statute, the trial court granted Centaur’s motion to strike. The case proceeded to jury trial without Centaur and resulted in a verdict absolving Lodal of any negligence.[3]
Section 46.051 is the third of a trilogy of nonjoinder statutes. The other two, similarly worded, statutes have already met their demise. In Markert v. Johnston, 367 So.2d 1003 (Fla.1978), the court invalidated, as an infringment upon its rulemaking power, section 627.7262, Florida Statutes (1977). It provided, “No motor vehicle liability insurer shall be joined as a party defendant in an action to determine the insured’s liability.” Then, by a brief opinion in Cozine v. Tullo, 394 So.2d 115 (Fla. 1981), the court found the second statute, section 768.045, Florida Statutes (1977), also violated Article II, section 3 of the Florida Constitution. Section 768.045, Florida Statutes (1977) provided, “No liability insurer shall be joined as a party defendant in an action to determine the insured’s liability ...”
Thereafter, the legislature enacted section 627.7262, Florida Statutes (Supp.1982). The new statute requires a judgment against an insured as a condition precedent to the arising of a third party interest in an insurance policy. In VanBibber v. Hartford Accident and Indemnity Insurance Co., 439 So.2d 880 (Fla.1983), the court determined that section 627.7262 is “substantive” because it conditions the arising of a cause of action, in contrast with the statutes struck down as “procedural” in Markert v. Johnston and Cozine v. Tullo. Section 627.7262 is not applicable here, however, because the cause of action in this case arose before the statute’s effective date of October 1, 1982. VanBibber v. Hartford Accident and Indemnity Insurance Co.; Beaupre v. Testa, 449 So.2d 311 (Fla.2d DCA), rev. denied, 456 So.2d 1182 (Fla.1984); Salyer v. Gainesville Dodge, Inc., 448 So.2d 1190 (Fla. 1st DCA 1984).
*415 Section 46.051 is indistinguishable from the nonjoinder statutes found constitutionally defective in Markert v. Johnston and Cozine v. Tullo. It too merely dictates the procedure for joining parties. It does not create or condition the arising of a cause of action against a products liability insurer. Thus, section 46.051 is unconstitutional and the trial court erred in relying upon it to dismiss the liability insurer.
The appellee contends the dismissal of the insured is harmless error, especially in light of the jury verdict determining that Lodal, Inc. was not negligent. It relies upon Damico v. Lundberg, 379 So.2d 964 (Fla. 2d DCA 1979), cert. denied, 389 So.2d 1108 (Fla.1980), which affirmed a judgment notwithstanding an erroneous dismissal of an insurer because the evidence of the plaintiffs negligence was overwhelming and the parties’ relevant economic positions were presented to the jury.
In this case, we are unable to determine whether or not the exclusion of the insurer was harmless because the appellee has not provided this court with trial transcripts. Moreover, we believe the better rule is that set out in Godshall v. Unigard Insurance Co., 281 So.2d 499 (Fla.1973) and more recently enunciated in Darby v. Sheffer, 458 So.2d 862 (Fla. 4th DCA 1984). In Godshall v. Unigard Insurance Co., the court determined the severance of a defendant insurance company could not be considered harmless error in any case. It stated:
The interest which plaintiff has in presenting to the jury the truest possible picture of the existence of financial responsibility is much too important to allow the loss of that interest, through the granting of severance for any reason except those enumerated in Stecher and repeated in this Court’s first opinion in this cause, to be dismissed as “harmless error.”
281 So.2d at 502.[4]
Similarly, in Darby v. Sheffer, the defendant acknowledged the trial court erred by dropping its insurer as a party defendant, but contended the ruling was harmless because the jury was made aware the defendant was insured. The Fourth District reversed for a new trial stating, “It was appellant’s right to join the insurer as a party and we do not know how one would articulate prejudice under the circumstances of this case.” 458 So.2d at 863.
Accordingly, we hold that section 46.051, Florida Statutes (1983) is unconstitutional as an infringement upon the court’s rule-making authority. Therefore, the trial court erred by striking Lodal Inc.’s insurer as a party defendant. We remand for a new trial with Centaur Insurance Company joined as a party defendant.
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH, J., and BOARDMAN, E.F., Associate Judge, concur.

. In its entirety, section 46.051, Florida Statutes (1983) provides:
Joinder of products liability insurers.
(1) No products liability insurer shall be joined as a party defendant in an action to determine the insured’s liability. However, each insurer which does or may provide prod *414 ucts liability insurance coverage to pay all or a portion of any judgment which might be entered in the action shall file with the court, under oath, a statement by a corporate officer setting forth the following information with regard to each known policy of insurance:
(a) The name of the insurer;
(b) The name of each insured;
(c) The limits of liability coverage; and
(d) A statement of any policy or coverage defense which said insurer reasonably believes is available to the insurer filing the statement at the time of filing.
(2) The statement required by subsection (1) shall be amended immediately upon discovery of facts calling for an amendment to such statement.
(3) If the statement or any amendment thereto indicates that a policy or coverage defense has been or will be asserted, then the insurer may be joined as a party.
(4) After the rendition of a verdict, or final judgment by the court if the case is tried without a jury, the insurer may be joined as a party and judgment may be entered by the court based upon the statement or statements herein required.
(5) The rules of discovery shall be available to discover the existence of liability insurance coverage and its provisions.
(6)(a) This act is applicable to products liability actions based on either tort or contract causes of action.
(b) This act is applicable only to causes of action accruing on or after October 1, 1978.

. Article II, section 3 of the Florida Constitution provides:
Branches of government. — The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.

. The jury found that the city was 70% negligent and the decedent 30% negligent.

. The supreme court was referring to Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971), where it determined severance is appropriate where there is a question of coverage. In the instant case, Centaur Insurance Company does not maintain a coverage issue exists.