PER CURIAM.
Finding no merit in appellants’ contentions that the trial court erred when it: 1) admitted offensive photographs of appel-lee’s lacerated arm into evidence, see Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982); 2) denied appellants’ motion for new trial based on appellee’s inflammatory closing arguments, Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983); see Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985); 3) proceeded to trial before the case was at issue, Allstate Insurance Co. v. Gillespie, 455 So.2d 617 (Fla. 2d DCA 1984); 4) refused to dismiss an excess insurance carrier as a party; see Randel v. General Insurance Co., 439 So.2d 986 (Fla. 3d DCA 1983); and 5) failed to give a jury instruction regarding sudden and unexpected me *576 chanical failure, see Llompart v. Lavecchia, 374 So.2d 77 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 758 (Fla.1980); Fla.Std. Jury Instr. (Civ.) 4.8, we affirm.
Affirmed.